Wood, J.
Are the complainants entitled to relief? It seems to us, upon one of the most familiar maxims of equity jurisprudence, the complainants make no case. He who seeks equity, must do equity. The complainants, in this bill, have no averment that they have offered to pay the amount which is admitted to be due, nor do they bring such money into court. Without this allegation, there is no pretense for sustaining this bill. In the many cases of this character, which have been adjudicated ■upon the circuit within the last few years, not one is within our recollection in which the bill has not contained this averment, or been dismissed for the want of it. It is true, in the case of Clark v. Brockway, 6 Ohio, 45, the bill does *not appear, from the report, to have distinctly set forth what has since been required; but that case seems to have rested upon its own peculiar circumstances. The judge who delivered the opinion remarks: “We should have been better satisfied if the complainant had proffered payment of the money due, and, if refused, had brought it into ■court; but the case, admitted by the demurrer, is so strongly marked, and the exactions, for the use of the money, so scandalous, that we are induced, without intending to establish a precedent, to overlook the omission.”
' There is also another objection to sustaining this bill, and equally fatal. The interest, excessive as it was, was paid ; and, whether we place the case upon the ground of an executed contract — or, as *358 one which is against sound morals, or malum prohibitum, and the-parties, therefore, in pari delicto — we know of no principle by which it can be recovered back. And, in analogous cases, it has been repeatedly so held on the circuit, and in this court.
As to the two and a half per centum, attorney’s collection fees, which were included in the judgment, it is equally clear the place for its correction is not on the equity side of this, court. That such agreements are against sound policy, and void, was- decided in the case of the State of Ohio, for the use of the Fund Commissioners, v. Taylor, 10 Ohio, 378. The complainants,-however, have adequate remedy at law. ' The warrant of attorney, in which this two and one-half per cent, is contracted for, forms a part of the record; and the error, if any exist, is apparent on the record, and may be corrected, on motion to set aside the judgment, or by a writ of error. McKee v. Bank of Mount Pleasant, 7 Ohio, 175, pt. 2.
The injunction is dissolved, and bill dismissed. Bill dismissed*