Scott, J.
The plaintiff in error seeks to reverse a judgment of the District Court of Butler county, by which a judgment previously rendered, between the parties, in his favor, by the court of common pleas of the same county, was, as he claims, erroneously reversed. The original action in the court of common pleas was brought by the plaintiff in error, to recover damages, under the statute, for • the culpable negligence of defendant’s servants, in the running of a gravel train, whereby the plaintiff’s intestate,. Larkin, was killed.
*151 The facts of the ease, as shown by the pleadings, and the evidence offered to the jury upon the trial, wrere substantially these: The defendant was engaged in ballasting its road, at a point some miles west of Hamilton, in Butler county, and, for this purpose, was employing and using a gravel train to carry gravel from a pit, near Hamilton, to-the point where it was needed for ballast. Larkin and a number of other hands were employed by defendant to-load the cars of the train with gravel at the pit, and to unload them where ballast was needed. Eor the discharge of the latter duty, it was necessary, and was the usual custom, for the hands so employed to ride on the cars, when loaded,, from the pit to the place of unloading. The trains we rerun under the supervision of a conductor, and with their operation and management Larkin and the hands employed with him had nothing to do. No express contract, was made with Larkin in regard to his safe transportation from and to the gravel pit, nor was defendant charged with, negligence in the selection of its servants. At the time of the occurrence of the alleged injury, Larkin and the other-hands, with their shovels, were riding on a loaded train,, which had nearly reached the place of unloading. The train was stopped a little short of the proper place, and upon a signal from the section boss, who had charge of th& distribution of the ballast, the engineer again started it forward, without giving the customary notice to the hands who were aboard. By this sudden and unexpected movement, Larkin, who had risen to his feet when the train first stopped, was thrown from his car and run over by a portion of the train, and thereby was killed. The negligence complained of was that of the engineer in starting the train without giving proper notice.
The liability of the defendant for damage resulting to a co-employe from this negligence of the engineer was drawn in question, and, on the trial, the court charged the jury, among other things, as follows:
“The law is, that if Larkin and all other employes of the defendant on the train at the time Larkin was killed *152 were employed in a common service, as fellow-servants of the defendant, and Larkin was killed by the negligence and carelessness of one or more of such employes or servants, that the plaintiff can not recover. But if the service, as between the employes or servants on the train, was not common, then this rule does not necessarily apply. If it was the exclusive' duty of certain designated employes or servants of the company to manage the running of the train — that is, startiug, turning, stopping it, etc. — aud Larkin was not one of such persons, but was one of another class of employes or servants of the defendant, who had no control of the running or management of the train, but whose duty it was simply to load the train with gravel, at one point, and unload the gravel at another and distant point, and a part of the conti’act of employment, expressed or implied, between Larkin and the defendant, was that Larkin was to be safely carried from the point he was at in loading the train to the place it was to be unloaded, on the train controlled by the class of employes first mentioned, then, although Larkin was a servant of the company, and, in a general sense, engaged, in common with ■all the servants of the defendant on the train, in the service of ballasting the defendant’s road, yet, in a special sense, he was in subordination to the class of persons or employes who had exclusive control of the train, so far that he was ■entitled to the exercise, on the part of such persons or employes, of ordinary care — not extraordinary care and skill— in the running of the train ; and if ordinary care and skill, •on the part of the employes having charge of the train, would have saved his life, or, in other words, if his death was occasioned by the want of ordinary care and skill, on the part of such persons in charge of the train, then this defense fails, and the plaintiff will be entitled to recover.”
This instruction was excepted to, at the time, and, the jury having found for the plaintiff, defendant moved for a new trial, which motion was overruled, and judgment was entered on the verdict.
Of the' errors assigned in the district court, we think it *153 necessary to consider only those which relate to the charge of the court and the overruling of the motion for a new-trial.
"Was the instruction which we have quoted erroneous, and calculated to mislead the jury? We think that the •adjudications of the Supreme Court of this state, on the subject to which the instruction relates, require us to answer this questiou in the affirmative.
That Larkin and the engineer of the gravel train were 'fellow-' servants, engaged in a common service, admits, as we think, of no doubt. They were acting together, under one master, in carrying out a common object, viz., the ballasting of defendant’s road, and so were engaged in a common service. On this-subject it is only necessary to refer to the cases of Whalan v. M. R. & L. E. R. R. Co., 8 Ohio St. 249; Manville v. Cleveland and Toledo R. R. Co., 11 Ohio St. 417; and P., Ft. W. & C. Ry. Co. v. Devinney, 17 Ohio St. 198.
The strict and limited sense in which the instruction under consideration construes “ a common service,” is wholly inconsistent with the views expressed by the- court in each of those cases.
The general rule of the common law unquestionably is, that “a servant, by entering into his master’s service, assumes all the risks of that service which the master can not control, including those arising from the negligence of his fellow servants.”
The single exception engrafted on that rule in this state, by the cases of L. M. R. R. Co. v. Stevens, 20 Ohio, 415, and C., C. § C. R. R. Co. v. Keary, 3 Ohio St. 201, is thus stated by Judge Brinkerhoff: “ "Where one servant is placed in a position of subordination to, and subject to the orders and control of another servant of a common master, and the subordinate servaut, without fault of his own, and while in the performance of his duty, is injured through the negligence of the superior servant while acting in the common ¡service, an action lies in favor of the inferior servant so injured, against the master. But this is the extent and *154 limit of the exception. Beyond it no case in Ohio has= ever gone.” P., Ft. W. & C. Ry. Co. v. Devinney, supra, 211.
We are quite clear that the case before us can not be-brought within this exception. Larkin was not subordinate to, and subject to the orders and control of the engineer. Under the conductor, it was the duty of the engineer to operate and manage the running of the train. In this department of business Larkin had no duty to perform. Though he and the engineer were engaged in a common service, yet their respective spheres of duty were outside of each other, and the position of neither, so far as is shown, gave any right of control over the other.
By a portion of this instruction the question seems to' have been referred to the jury, whether it was not one of the implied terms of the contract of employment between Larkin and the defendant, that Larkin should be carried safely to and from the gravel pit. This was a question of law, and should not have been referred to the jury. By the charge given, the jury was substantially instructed that Larkin’s position, while being carried on the train, was so' far one of subordination to the servants engaged in running the train, as to render the defendant liable for any damage resulting to him from their want of ordinary care.. By this instruction we think the jury must have been misled.
It may be proper to say, that Larkin did not, by riding on the train, drop his status as employe and assume that of a passenger. On this subject we need only refer to the-case of Manville v. Cleveland and Toledo R. R. Co., supra.
For the errors which we have indicated, we think the-verdict of the jury should have been set aside and a new trial granted pursuant to defendant’s motion, and that the district court did not err in reversing the judgment entered on the verdict.

Judgment of district court affirmed.