WILLIAM O'BRIEN vs. BOSTON & ALBANY RAILROAD
COMPANY.

Suffolk.   Nov. 12, 1884. — Jan. 9, 1885.   FIELD, DEVENS, & COLBURN, JJ.;
absent.

The foreman of a gang of men employed by a railroad corporation in repairing
its track ordered them to quit work at fifteen minutes before the usual hour,
and take a train, which was to carry them to a certain station without pay-
ment of fare, according to a monthly custom, to receive their wages.   One of
the men, while running along the track in order to get on the train, was struck
and injured by a hand-car operated by another gang of men in the employ of
the corporation.   *Held*, that he was in the service of the corporation at the
time he was injured, and was a fellow servant with those whose act caused the
injury.

TORT for personal injuries occasioned to the plaintiff by
being struck by a hand-car on the defendant's railroad near its
station at Cottage Farm.   Trial in the Superior Court, before
*Brigham*, C. J., who reported the case for the determination of
this court, in substance as follows :

The evidence tended to show that the plaintiff was in the
employ of the defendant on May 6, 1881, and had been for some
months, as a laborer engaged in the repair of the track; that,
on that day, he was one of a gang of such laborers, working
under the direction of a foreman, the day's work usually ending
at six o'clock in the afternoon.   At about fifteen minutes before
six o'clock the gang were ordered by the foreman to quit work,
put their tools away, and go to Boston on the train about to
arrive at the defendant's station at Cottage Farm, to get their
pay.   At this station the passenger-house was on the south side
of the railroad.   Immediately north of the platform of the pas-
senger-house was a track, which was known as the third track,
and which was not used for passenger business, but merely for
freight business.   Immediately north of that track was a plat-
form for passengers, from ten to twelve feet wide, and extending
100 or 200 feet in length.   North of this platform, and parallel
with it, ran the double-track main line of the defendant's road.
On receiving the order above stated, the plaintiff, with others
of the gang of laborers in which he worked, deposited his tools
in a tool-house which was situated north of the main tracks of

the defendant's road, and then crossed the main tracks and came upon the platform above described as situated between the main tracks and the track nearest the passenger-house. The train which the plaintiff and his fellow laborers were to take for Boston was standing upon the more southerly of the two main tracks close alongside said platform. The plaintiff, and one or two others of the gang, stepped from the platform upon the third track, being the track southerly of the platform; as he testified, to make room for passengers to get in; as others testified, for the purpose of getting quickly to the smoking-car, which was near the head of the train, and toward Boston from the point where they reached the platform in the rear of the train, after leaving their tools in the tool-house on the north side of the road. On reaching the third track, the plaintiff and others ran on that track easterly toward the head of the train, and, while they were so running, an alarm was given. The others who were running on the track stepped off it; the plaintiff did not, but continued running on it, and was struck by a hand-car operated by members of a repairing gang of the defendant's trackmen, employees of the defendant, who were running the car easterly from the place where they had been employed, along the track. It was the custom for this gang of men to be taken into Boston by the defendant on its train, without payment of fare, once a month, to receive their pay, and they were to be so carried for that purpose at this time; and the others of the gang were so carried. One of the gang which left the tools in the tool-house saw the hand-car approaching as he stepped upon the platform after crossing the main tracks north of it, and, when he saw the men running on the third track, he shouted to them an alarm, which, with the alarm given by the men on the hand-car, caused all those who were on the track, except the plaintiff, to get off. The track was straight from a point at least 200 feet westerly thereof to the place where the plaintiff was struck.

The train which the plaintiff and the rest of the gang were intending to take was to leave Cottage Farm for Boston, a distance of three miles, at thirteen minutes before six, and was due at Boston at six o'clock, and was on time.

The plaintiff testified that his object in going to the station was to take the train for Boston to get his pay; that he was not

going to do any more work that day; and that he was not going to be carried home by the defendant, and that his day's work was done. There was a rule of the defendant that no passenger train should pass a station while another was standing there; and the plaintiff knew this rule. Other witnesses testified that the gang were going in on the train as usual, without paying fare, to get their pay.

The defendant contended that it was entitled to a verdict, upon the ground that, on the evidence, the plaintiff, at the time of his alleged injury, was in the service of the defendant; and that said injury was due wholly to the negligence of the plaintiff's fellow servants; and requested the judge so to rule. The judge so ruled; and directed a verdict for the defendant.

*H. H. Winslow*, for the plaintiff.

*A. L. Soule*, for the defendant.

W. ALLEN, J. The ruling that the plaintiff was, at the time he was injured, in the service of the defendant, was correct. He was not only taking the cars of the defendant to be carried by it from the place where he had been working to Boston that he might be paid his wages, but he was acting under express orders of the defendant during working hours. The relation between the parties was not changed when he received and obeyed the order to quit work upon the track and take the train for Boston, and the plaintiff continued under present obligation to the defendant to do what it should require of him within the scope of his employment. He was, at the time, a fellow servant with those whose negligence was alleged to be the cause of his injury. *Gillshannon* v. *Stony Brook Railroad*, 10 Cush. 228. *Seaver* v. *Boston & Maine Railroad*, 14 Gray, 466. *Gilman* v. *Eastern Railroad*, 10 Allen, 233. *Tunney* v. *Midland Railway*, L. R. 1 C. P. 291. *Russell* v. *Hudson River Railroad*, 17 N. Y. 134. *Ross* v. *New York Central & Hudson River Railroad*, 5 Hun, 488; affirmed, 74 N. Y. 617. *Manville* v. *Cleveland & Toledo Railroad*, 11 Ohio St. 417.          *Judgment on the verdict.*