Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of IDA KOWALEK and ESTHER
GOTTESFELD, Respondents, for Compensation under the
Workmen's Compensation Law, for the Death of MAX
GOTTESFELD, Son and Brother of Claimants, *v.* NEW YORK
CONSOLIDATED RAILROAD COMPANY, Employer and Self-
Insurer, Appellant.

Third Department, December 29, 1919.

Workmen's Compensation Law — employee of railroad — death
   caused by contact with electric third rail after close of work —
   course of employment — employee returning home on employer's
   car without charge — reasonable opportunity to leave premises
   after close of work — burden of proof as to cessation of employment.

An employee of a railroad who is entitled to journey from his work, free of
   charge, upon the cars of his employer, is, while so traveling, in the course
   of his employment.

An employee is in the course of his employment after the close of his work
   until he has had a reasonable opportunity to remove himself from the
   premises of his employer.

The decedent, an employee on a railroad, was in the course of his employment
   at the time of his death, where it appears that he had worked all day as a
   flagman and thereafter, at his request for extra work, he was assigned as a
   guard on a train and after making his trip gave in his time to a clerk and
   went to the station platform to take a train for his home; that there was a
   west-bound train which he might have taken leaving as he was seen going
   through the door of the crew room onto the platform, and that the next
   westbound train, which was due to leave eight minutes thereafter, was
   stopped by the action of an automatic brake which was tripped by coming
   in contact with the body of the decedent, though it did not appear how he
   came to be at the point where his body was found some distance west of
   the platform, nor how the accident occurred.

If the accident happened while the decedent was waiting for the second train
   the ten minutes which elapsed between the moment when he gave in his
   time and the moment of the accident was a reasonable time during which
   to stay upon the premises of his employer, and if he boarded the first
   train to journey home and fell therefrom he was still in the course of his
   employment.

As the case made was one of continuing employment, the burden of proving
   a cessation thereof fell upon the railroad, and that burden was not success-
   fully borne.

APPEAL by the defendant, New York Consolidated Railroad
Company, from a decision and award of the State Industrial

Commission, filed in the office of said Commission on the 7th day of May, 1919.

*George D. Yeomans* [*Harold L. Warner* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

H. T. KELLOGG, J.:

The deceased was killed at about eight-thirty-eight P. M. on September 20, 1918, by a current of electricity received from the third rail on a railway of the appellant at Rockaway Park station. The station consisted of a platform 300 feet long, elevated 5 feet above the ground, together with a building at its extreme westerly end, which contained, among other rooms, an office for the dispatcher and a room for train crews. Railway tracks came into the station upon each side of the platform, and were joined by a crossover track a short distance to the west of the station building. At about six o'clock on the evening in question the deceased, who had worked all day as a flagman about one mile to the west, came into the station and requested extra work of the dispatcher. He was assigned as guard on a train then about leaving. Having made his trip he returned to the station at eight-twenty, gave in his time to a clerk, and went out upon the platform to take a train, bound west, for his home. There was a train due to leave at eight-thirty-two, but he may not have been in time to get aboard this train, for he was seen going through the door of the crew room as the train was pulling out. The next train was due to leave at eight-forty. While the cars to make up this train were being shifted on the crossover between the tracks an automatic brake on one of them tripped, and the train stopped. Upon examination it was found that the object which tripped the brake was the body of the deceased, which lay dead upon the third rail of the crossover, about 20 feet west of the station building. It is not known how the deceased came to be at the point where his body was found. It was suggested by a fellow-employee that he jumped aboard a car of the eight-thirty-two

train, which, when deceased was last seen alive, had begun to move westerly, and fell therefrom. It was suggested by another employee that he boarded one of the cars being switched for the eight-forty train, supposing they constituted a made-up train homeward bound, and, upon discovering his mistake, stepped off upon the rail which killed him. The deceased was entitled to journey from his work free of charge upon the cars of the appellant, and while so traveling would have been in the course of his employment. (*Russell* v. *Hudson River R. R. Co.*, 17 N. Y. 134; *Ross* v. *New York Central & H. R. R. R. Co.*, 5 Hun, 488; *Vick* v. *New York Central & H. R. R. R. Co.*, 95 N. Y. 267; *McLaughlin* v. *Interurban Street R. Co.*, 101 App. Div. 134.) The deceased was also entitled to a reasonable opportunity, after his work was done, to remove himself from the premises of his employer. (*Pope* v. *Merritt & Chapman Derrick & Wrecking Co.*, 177 App. Div. 69; *Bylow* v. *St. Regis Paper Co.*, 179 id. 555.) The ten minutes, which elapsed between the moment when he gave in his time and the moment of the accident, was a reasonable time during which to stay upon the premises of his employer, waiting to take the next train home. Therefore, whether the accident happened while the deceased was thus waiting, or after his homeward journey had begun, he was in either case, under the authorities cited, unless guilty of some affirmative act removing him therefrom, still in the course of his employment when death overtook him. The case made was one of a continuing employment so that the burden of proving a cessation thereof fell upon the appellant. That burden was not successfully borne. Upon the question whether the accident arose out of the employment it is sufficient to cite authority for the proposition that accidents occurring to employees while traveling to and from their work in an automobile provided by their employer arise not only in the course of the employment but from hazards incident thereto. (*Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369.) Therefore, I think the award should be affirmed.

Award unanimously affirmed.