ANNIE TALLON, as Administratrix, etc., of JAMES P. TALLON, Deceased, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

First Department, November 12, 1920.

**Workmen's Compensation Law — death of employee while riding on free pass — when remedy under Workmen's Compensation Law exclusive.**

Where an employee of the Interborough Rapid Transit Company who was given a pass entitling him to ride upon passenger trains of his employer in going to and from his work was killed by a collision between two of his employer's trains while on his way to report for work, the sole remedy of his dependents is under the Workmen's Compensation Law and the statutory action to recover for death by negligence cannot be brought.

The rule aforesaid obtains although the pass authorized the employee and
his family to ride on the employer's cars for other purposes.

DOWLING and GREENBAUM, JJ., dissent.

APPEAL by the defendant, Interborough Rapid Transit
Company, from a judgment of the Supreme Court in favor
of the plaintiff, entered in the office of the clerk of the county
of New York on the 25th day of February, 1920, upon the
verdict of a jury for $20,000, and also from an order entered
in said clerk's office on the same day denying defendant's
motion for a new trial made upon the minutes.

*M. E. Burke* of counsel [*James L. Quackenbush,* attorney],
for the appellant.

*John C. Robinson,* for the respondent.

SMITH, J.:

The plaintiff's intestate was an employee of the Inter-
borough Rapid Transit Company. His duty was to report
for work at One Hundred and Seventy-seventh street and
Tremont avenue at six-forty-three A. M., at which time his
pay commenced. The employees of the company are given
passes to ride upon the passenger trains of the company.
This pass was a family pass and entitled the employee to
ride to and from his work and wherever and whenever he
might choose.

Upon October 21, 1919, plaintiff's intestate was living at 469
East One Hundred and Forty-sixth street. He boarded one
of the defendant's trains on his way to One Hundred and
Seventy-seventh street where he was to report for work. At
One Hundred and Seventy-fifth street two of the defendant's
trains collided and the plaintiff's intestate while riding in the
defendant's car was killed. This was about eight minutes
from the time when he was to report for work at One
Hundred and Seventy-seventh street and Tremont avenue.

The sole question raised in the case is whether the plain-
tiff can maintain the action, or whether the plaintiff is con-
fined to her remedy under the Workmen's Compensation Law.
In *Matter of Littler* v. *Fuller Co.* (223 N. Y. 369) the court
held that " Where claimant, a bricklayer, was injured in an
accident to an automobile truck which was furnished by his
employer to carry him and other workmen from a house, which

they were building, to and from a railroad station, the injury arose out of and in the course of his employment and he is entitled to an award under the Workmen's Compensation Law." In that case the defendant, a contractor, was engaged in building a residence at Great Neck, L. I., two miles from the railroad station. The workmen who lived at a distance came to Great Neck upon the railroad train. They refused to work unless the defendant would furnish free transportation from the station to and from the place of work. The defendant thereupon furnished an automobile to meet the workmen at the station to take them to the place where the residence was being constructed and to return them at night to the station. On one of these trips the automobile went into a ditch and the plaintiff was injured. He made claim for compensation under the Workmen's Compensation Law and the court held that he was going to or from his duty within the precincts of the company by which he was employed and, therefore, that he was entitled to compensation under the act. That case has one distinguishing characteristic that is not found in the case at bar, and that is that the automobile was furnished for the special purpose of carrying these workmen to and from their work. I am unable to see, however, why that fact should alter the rule of liability. In the case at bar the defendant was carrying the plaintiff's intestate to his work upon a pass. The fact that the pass authorizes the workman to ride for other purposes can hardly affect the question, nor the fact that it was the custom to furnish passes for the workmen's families. Nor can it matter in my judgment that the transportation furnished by the defendant was upon a regular passenger train which carried other passengers, as long as the plaintiff's intestate accepted the transportation offered and was actually going to his work upon the defendant's train and upon defendant's premises. The case cited, therefore, seems to me determinative of the question of the defendant's liability for compensation under the Workmen's Compensation Law, and if so, this action cannot be maintained.

This test of liability to a person injured within the precincts of the company while going to and from his work was recognized in *Matter of DeVoe* v. *New York State Railways* (218 N. Y. 318). In that case, however, the employee was **not**

going to or from his work to his home, but was going to a jeweler's to have his watch tested, which was held to be for an individual purpose and the case was thus distinguished and the defendant was not held liable under the Workmen's Compensation Law. The employee was there running to catch a trolley car to go to the jeweler's for the purpose stated.

In *Kowalek* v. *New York Consolidated R. R. Co.* (190 App. Div. 160) it was held in the Third Department: "An employee of a railroad who is entitled to journey from his work, free of charge, upon the cars of his employer, is, while so traveling, in the course of his employment." In that case the claimant, before the State Industrial Commission, as a flagman came to the station and requested extra work as a dispatcher. He was assigned as a guard on a train then about leaving. Having made his trip he returned to the station at eight-twenty, gave in his time to a clerk, and went out on the platform to take a train, bound west, for his home. There was a train due to leave at eight-thirty-two, which train apparently he did not get. The next train was at eight-forty. While the cars to make up this train were being shifted on a crossover between the tracks an automatic brake on one of them tripped, and the train stopped. Upon examination it was found that the object which tripped the brake was the body of the deceased which lay dead upon the third rail of the crossover, about twenty feet west of the station building. The opinion of the court in part reads: " The deceased was entitled to journey from his work free of charge upon the cars of the appellant, and while so traveling would have been in the course of his employment. [Citing cases.] * * * Therefore, whether the accident happened while the deceased was thus waiting, or after his homeward journey had begun, he was in either case, under the authorities cited, unless guilty of some affirmative act removing him therefrom, still in the course of his employment when death overtook him." The employee was there held entitled to compensation under the Workmen's Compensation Law. This conclusion seems to be in accord with decisions generally held by the Compensation Commission, as well as with decisions in other jurisdictions.

In *Ackerly* v. *Long Island R. R. Co.* (19 State Dept. Rep. 533) a railroad employee riding on an employee's pass was killed

while on his way from home to his place of work. He was held entitled to compensation.

In *Avanzato* v. *Erie R. R. Co.* (4 State Dept. Rep. 397) a railroad employee with his tools undertook to catch an eastbound train to ride where he was to work, fell under the train and received injuries and compensation was allowed.

In *Potts* v. *Lehigh Valley R. R. Co.* (4 State Dept. Rep. 421) a railroad employee was on his way from work when the car caught fire. He jumped therefrom and sustained injuries. Compensation was allowed.

In *Holmes* v. *Great Northern Railway Co.* (2 W. C. C. 19) the English Compensation Commission has upheld the same rule. In that case an engine cleaner who lived at King's Cross was carried free by his employer, the railroad company, to Hornsey. While crossing the metals for the purpose of getting to the place where he worked and shortly before the time for commencing work, he was knocked down by a passing train and killed. It was there held " That the employment commenced when he entered the train at King's Cross, and that the accident arose out of and in the course of his employment."

The respondent to sustain this judgment relies strongly upon the case of *Pierson* v. *Interborough Rapid Transit Co.* (184 App. Div. 678; affd., without opinion, 227 N. Y. 666). It was there held that where an employee of an elevated railroad company during a two-hour period off duty was injured by collision of two trains, while on his way from a terminal where he had just finished a tour of duty, to his dentist's, the injury did not arise " out of and in the course of " his employment, and, therefore, the employee was not entitled to compensation under the Workmen's Compensation Law. In that case the employee was using the defendant's train, not for the purpose of going between his home and his place of work, but for the purpose of going to some other place for an individual or personal purpose and the case comes within the rule laid down in *Matter of DeVoe* (*supra*). This case is no authority, however, for determining the liability of the company in a case where an employee was using the transportation furnished by the master in going to his place of employment, and does not support the respondent's contention here.

The judgment and order should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., and LAUGHLIN, J., concur; DOWLING and GREENBAUM, JJ., dissent.

Judgment and order reversed, with costs, and complaint dismissed, with costs.