Allen, J.
 

 As the judgment was. reversed upon the sole ground that it was contrary to law, the only question confronting us here is whether the injuries were incurred in the coui-se of the plaintiff’s employment. If the accident occurred outside of the course of the plaintiff’s employment he was entitled to recover in this action. If the accident occurred within the course of plaintiff’s employment he is not entitled to recover in this action, but should have applied for compensation under the Workmen’s Compensation Act (Gen. Code, Sections 1465-87 to 1465-108).
 

 It is the general rule that if an employe is conveyed to and from his work in a conveyance fur
 
 *378
 
 nished by the employer, under an. express or implied contract made by the employer to furnish such conveyance, an injury occurring to an employe while on the journey arises within the course of employment. Bradbury’s Workmen’s Compensation (3 Ed.), pp. 480, 481, and 482.
 

 Boyd on Workmen’s Compensation, Section 486, states the rule as follows:
 

 “In cases where the employer contracts to carry the servant to and from his work, the employment within the compensation statutes is generally held to begin when the workman enters the train to go to the place of work.”
 

 This rule is sustained by the following leading authorities:
 
 Kowalek
 
 v.
 
 New York Consolidated Ry. Co.,
 
 190 App. Div., 160, 179 N. Y. Supp., 637;
 
 Littler
 
 v.
 
 Geo. A. Fuller Co.,
 
 223 N. Y., 369, 119 N. E., 554;
 
 In re Donovan,
 
 217 Mass., 76, 104 N. E., 431, Ann. Cas., 1915C, 778;
 
 Wabash Ry. Co.
 
 v.
 
 Industrial Commission,
 
 294 Ill., 119, 128 N. E., 290;
 
 In re Stacy,
 
 225 Mass., 174, 114 N. E., 206;
 
 Central Construction Corp.
 
 v.
 
 Harrison,
 
 137 Md., 256, 112 Atl., 627;
 
 Cudahy Packing Co. of Nebraska
 
 v.
 
 Indus. Comm.,
 
 60 Utah, 161, 207 Pac., 148.
 

 A case which upholds the same general proposition is
 
 Erie Rd. Co.
 
 v.
 
 Winfield,
 
 244 U. S., 170, 37 Sup. Ct., 556, 61 L. Ed., 1057, Ann. Cas., 1918B, 662, which held that an employe of an interstate railway carrier in charge of a switch engine who was killed while leaving the yards after his day’s work, which had included employment in both interstate and intrastate commerce, was at the time of the accident employed in interstate commerce within the meaning of the Federal Employers ’ Lia
 
 *379
 
 bility Act of April 22, 1908 (35 Stat. 65, c. 149 ; U. S. Comp. St., Section 8657; Barnes’ Fed. Code, Section 8069
 
 et seq.),
 
 governing the liability of such carriers for the death or injury of their employes when employed in interstate commerce.
 

 "Within these authorities, what was the relation of DeCamp to the railway company at the time of the injury? Was the transportation an incident of the employment?
 

 Looking to the record we find that the following was the plaintiff’s own testimony in that regard.
 

 “Q. Now at the time that you were injured were you riding on a company ticket or company pass that had been issued to you? A. I was riding .on a ticket.
 

 “Q. A regular ticket? A. A regular ticket; a. street car ticket; employment ticket.
 

 “Q. Employment ticket, they call it? A. Yes, sir.
 

 "Q. Now, at the time you entered into your contract of service with the company, you may state what was said with regard to your transportation to and from your home? A. Well, I went down there and hired out to them, and I asked them what they paid, and he says, 'Well, now I will start you off at one hundred and fifty dollars a month and transportation.’
 

 ''Q. One hundred and fifty dollars a month and transportation? A. Yes, sir.”
 

 This evidence given by the plaintiff himself conclusively establishes that the plaintiff at the time of the accident was riding upon the street car by virtue of his contract with his employer, and hence he came within the provisions of the Workmen’s
 
 *380
 
 Compensation 'Act. If, therefore, the plaintiff had applied for compensation under the Workmen’s Compensation Act, no doubt he was eligible thereto — at least so far as this particular phase of his action is concerned. The injury was compensable under that statute, for the transportation was a part of the contract, and hence the plaintiff was injured within the course of his employment.
 

 Such a holding is-in line with the rule which requires the Workmen’s Compensation Act to be liberally construed.
 
 Roma
 
 v.
 
 Industrial Commission,
 
 97 Ohio St., 247, 252, 253, 119 N. E., 461;
 
 Lumberman’s Reciprocal Association
 
 v.
 
 Behnken
 
 (Tex. Civ. App.), 226 S. W., 154.
 

 A liberal construction of the Workmen’s Compensation Act requires us to consider this case from the standpoint, not only of this particular plaintiff, but also from the standpoint of employes applying for compensation under the Workmen’s Compensation Act.
 

 If DeCamp could recover in this case upon the theory that the accident occurred outside of the course of his employment, many plaintiffs who meet with injuries under similar circumstances might be refused compensation under the Workmen’s Compensation Act upon the theory that they too were injured outside of the course of their employment.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marsh art., C. J., Robinson, Jones, Matthias and Ray, JJ., concur.
 

 Wanamaker, J., not participating.