Taft, C. J.
A policy of insurance which is reasonably open to different interpretations will be construed most favorably for the insured. Butche v. Ohio Casualty Ins. Co. (1962), 174 Ohio St., 144, 187 N. E. (2d), 20; Home Indemnity Co. v. Village of Plymouth (1945), 146 Ohio St., 96, 101, 64 N. E. (2d), 248. *508 However, that rule will not he applied so as to provide an unreasonable interpretation of the words of the policy.
The ultimate question to be determined in the instant case is whether, within the meaning of the foregoing-quoted policy provisions and on the facts of this case¿ plaintiff’s decedent was, as a matter of law, “injured in the course of * * * [his] employment” by the named insured Wood. If he was, the judgment of the Court of Appeals must be affirmed. If he was not, that judgment must be reversed.
From the allegations of the petition filed by plaintiff against defendant Stake and from the evidence, it appears without dispute that plaintiff’s decedent and defendant Stake and others were “employed by” the named insured Wood to go from Mansfield where they lived to Cuyahoga County to “gather” night crawlers for fish “bait to be used in and about the business of * * * Wood,” that plaintiff’s decedent was to receive “a stipulated payment by * * * Wood for such services” which was $3 a pan for the night crawlers gathered, that transportation was to be furnished plaintiff’s decedent by Wood from and to Mansfield, that plaintiff’s decedent and others left Mansfield for that purpose in Wood’s automobile driven by defendant Stake who was paid extra by Wood to drive the car, and that they were returning to Mansfield in that automobile driven by that defendant when plaintiff’s decedent was injured. (Quotations are from plaintiff’s original petition against defendant Stake.)
The only evidence in the record tending to indicate whether the named insured Wood retained control of, or the right to control, the mode or manner of doing the work contracted for (see Councell v. Douglas [1955], 163 Ohio St., 292, 126 N. E. [2d], 597, and Behner v. Industrial Commission [1951], 154 Ohio St., 433, 96 N. E. [2d], 403, relied upon by plaintiff) was the following testimony of defendant Stake, who would not be protected as an additional insured under the policy involved in this case if the judgment of the Court of Appeals is affirmed:
“Q. How about Wood was he up there? A. Yes.
“Q. What was he doing? A. He was picking himself and more or less keeping tab on how many the boys had picked.
*509 “Q. He was keeping track? A. Yes each individual.
“Q. He would pay them on the basis of $1 a quart or $3 a pan? A. Yes, pans like you get catsup in.
i i & # #
“Q. At the time you went to the car Mr. Wood would figure out how much each one had picked? A. He would know before he got to the car, he would check on them all night long.”
In our opinion, the record in the instant case requires the conclusion as a matter of law that the relationship between Wood and plaintiff’s decedent in the gathering of these night crawlers in Cuyahoga County on the night before his death was that of master and servant.
However, although the record requires the conclusion as a matter of law that the master (the named insured Wood) had agreed as a part of the contract of employment to provide transportation to the servant (plaintiff’s decedent) in the master’s automobile to and from the servant’s place of employment, it does not appear that the master was to otherwise exercise or have any right to exercise control over the servant during the return trip or that the servant was to do anything for the master on that trip. This raises the question as to whether the servant as a matter of law should be considered as being within the course of his employment during that return trip.
In our opinion,’ previous pronouncements of law by this court require the conclusion that he should be so considered. DeCamp v. Youngstown Municipal Ry. Co. (1924), 110 Ohio St., 376, 144 N. E., 128. See Manville v. Cleveland & Toledo Rd. Co. (1860), 11 Ohio St., 417, Erie Rd. Co. v. Winfield (1916), 244 U. S., 170, 61 L. Ed., 1057, 37 S. Ct., 556, Ann. Cas., 1918B, 662, Parrott v. Industrial Commission, 145 Ohio St., 66, 60 N. E. (2d), 660.
Undoubtedly, as Judge Hart pointed out in the opinion in Home Indemnity Co. v. Village of Plymouth, supra (146 Ohio St., 96), exclusion provisions, such as that relied on by defendant in the instant case, are included in insurance policies of this kind so as “to give coverage to one amenable to the Workmen’s Compensation Law in cases where he is not protected by that law and to exclude coverage in cases where he is so protected.” *510 At the time when this policy was written, defendant Stake would have been protected by the Workmen’s Compensation Law under our decision in Landrum v. Middaugh (1927), 117 Ohio St., 608, 160 N. E., 691, and hence the provisions of the insurance policy were not intended to cover a person in his position.- That decision, however, was overruled in Gee v. Horvath (1959), 169 Ohio St., 14, 157 N. E. (2d), 354, so that defendant Stake is no longer protected by the Workmen’s Compensation Law. Thus, he is covered neither by that law nor by the provisions of the insurance policy. Although such a result may seem unfortunate, in the absence of some statutory requirement, the owner of an automobile is not obligated, when he contracts for liability insurance, to provide coverage for those of his employees who may drive the automobile with his permission or in the course of their employment for him.
It follows that the judgment of the Court of Appeals must be affirmed.

Judgment affirmed.

Zimmerman, Matthias, O’Neill, Grieeith and Gibson, JJ., concur.
Herbert, J., dissents.