Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of PETER COHEN, Respondent, for Compensation under the Workmen's Compensation Law, v. ROTHSTEIN & PITOFSKY, Employer, and THE ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, Insurance Carrier, Appellants.

Third Department, December 28, 1916.

Workmen's Compensation Law — basis of compensation — reports by employer and employee to Commission not conclusive as to wages of employee — approval of agreement under section 20 of Workmen's Compensation Law for payment of compensation.

Reports by an employer and employee as to the wages of the latter are entitled to consideration by the State Industrial Commission, as a basis for compensation, but are not conclusive, and when it appears that they are founded on an inadvertence or are inaccurate, they should be disregarded.

Where it appears after an investigation that the actual earnings of a claimant engaged as a piece worker, covering a period a year before his accident, were five hundred and eighty dollars, and that only in one week in that year did his earnings amount to six dollars a day, an award by the Commission based upon a daily compensation of six dollars should be reversed, although both the employer and the employee in their reports to the Commission stated that the wages of the employee were six dollars per day.

An agreement between the employer and the employee, made under section 20 of the Workmen's Compensation Law, for the payment of compensation in which it was stated that the daily wages were six dollars, should not, under the circumstances, be approved by the Commission.

APPEAL by the defendants, Rothstein & Pitofsky and another, from an award of the State Industrial Commission, entered in the New York city office of said Commission on the 13th day of April, 1916, and also from a further award entered on the 11th day of May, 1916.

*Alfred W. Andrews* [*Ainsworth, Carlisle & Sullivan* and *John N. Carlisle* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondent State Industrial Commission.

**36**     COHEN *v.* ROTHSTEIN & PITOFSKY.

COCHRANE, J.:

The single question presented is the basis upon which compensation has been computed.   Under section 14 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) "the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation or death benefits, and shall be determined " by one of the methods indicated by the subsequent provisions of the section.   Both the employer and employee in their reports to the Commission stated that the wages of the employee were six dollars per day.   This was clearly wrong.   He was not a day worker but a piece worker in the occupation of making cloaks and suits for his employer. The question of his earnings was subsequently made the subject of investigation and litigation before the Commission, when the employer submitted a verified abstract from the payroll showing the actual weekly earnings of the claimant covering the period of a year before the accident.   His total earnings for the year were only five hundred and eighty dollars, and only in one week of that year did they amount to as much as six dollars a day.   This was not contradicted or in any way disputed by the claimant.

In their award the Commission have not made any finding as to the actual earnings or average weekly or annual earnings, but have merely found that " the daily wage of the employee was reported to the Commission by the employer and by the employee to be the sum of $6.00 per day, making the compensation rate $23.08 for the average weekly wage," and on this basis have fixed the award at $15 per week.   In other words, the Commission has awarded the claimant at the rate of $780 per year, although for the entire year previous to his accident he only earned $580.   The reports made to the Commission were entitled to consideration, but are not conclusive, and when it appears that they are founded on an inadvertence or are inaccurate they should be disregarded.   The effort of the Commission should have been to determine the average weekly wages of the claimant in accordance with the facts and according to conditions as they actually existed and not according to some theoretical conditions which had they existed might

have increased the earnings of the claimant. Why the Commission adhered to these reports in the face of uncontroverted evidence that they were clearly erroneous is beyond our comprehension. The Commission has not found from the entire evidence the average weekly wages of the claimant as it should have done and made that the basis of the award, but on the contrary has merely found what was reported to the Commission by the employer and the employee. There should be a finding in accordance with the facts as to the average weekly wages of the claimant and that should be made the basis of the award.

It is suggested by the Attorney-General that the employer and employee made an agreement under section 20 for the payment of compensation in which agreement it was stated that the daily wages were six dollars. Said section 20 (as amd. by Laws of 1915, chap. 167) requires the Commission to examine the report of such agreement and approve the same if proper to do so and that such approval shall constitute an award. The agreement in question was made with reference to that statutory requirement and contained a provision that it should not be binding unless approved by the State Industrial Commission. The Commission does not seem to have given its approval and consequently the agreement was ineffectual. The Commission could not in justice or fairness approve it after it became apparent that it was based on a gross inaccuracy in respect to a material fact.

For the reason that there has been no determination by the Commission as to the average weekly wages of the claimant the case must be remitted to the Commission for determination on that point.

The award should be reversed and the matter remitted to the Commission for further consideration.

All concurred.

Award reversed and matter remitted to the Commission for further consideration.