Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JAMES ROONEY, Respondent,
for Compensation under the Workmen's Compensation Law,
*v.* GREAT LAKES TRANSIT CORPORATION, Employer, and
OCEAN ACCIDENT AND GUARANTEE CORPORATION, LTD.,
Insurance Carrier, Appellants.

Third Department, March 3, 1920.

Workmen's Compensation Law — basis of compensation — sub-
division 3 of section 14 applied.

Where it appears that a claimant under the Workmen's Compensation Law
entered the service of the employer on May twenty-fourth and continued
therein until the time of his injury on December twenty-second of the
same year; that he did not work steadily, but within the dates mentioned
worked 119½ days; that for six days prior to the accident he had been
working as a fireman, but prior to that time had been a coal passer and
received less compensation, and prior to May twenty-fourth it does not
appear what he did or what, if anything, he earned, his compensation
must be computed under subdivision 3 of section 14 of the Workmen's
Compensation Law which provides that if subdivisions 1 or 2 " cannot
reasonably and fairly be applied," then the annual earnings of the claimant
shall be arrived at in the manner indicated in said subdivision 3.

The true test is the average weekly earnings, regard being had to the known and recognized incidents of the employment, including the element of discontinuousness.

APPEAL by the defendants, Great Lakes Transit Corporation and another, from an award of the State Industrial Commission, filed in the office of said Commission on the 15th day of July, 1919.

*Robert H. Woody* [*Ralph S. Kent* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

Compensation in this case has been computed on an erroneous basis. The Commission finds that the average weekly wages of the claimant were $25.96. That is " one-fifty-second part of his average annual earnings " (Workmen's Compensation Law, § 14, subd. 4). Consequently his " average annual earnings " should have been $1,350. In order to reach such result the Commission considered that his " average daily wage " was $4.50 and proceeding either under subdivision 1 or 2 of section 14 of the Workmen's Compensation Law multiplied such daily wage by 300. Neither of those subdivisions is applicable. The claimant entered the service of this employer May 24, 1918, and continued therein until the time of his injury, on December 22, 1918. He did not work steadily, however, but within the dates mentioned worked one hundred and nineteen and a half days, earning in the aggregate, including an allowance for board, $395.22. For six days prior to his accident he had been working as a fireman and receiving $4.50 a day or perhaps a little more. Prior to that time he had been a coal passer and received less compensation than when working as a fireman. Prior to May 24, 1918, it does not appear what he did or what if anything he earned. Any computation based on annual earnings of $1,350 for a claimant who for a period of about seven months actually earned less than $400 is in the absence of explanatory circumstances manifestly unreasonable and unfair. The Commission in an effort to bring the case within subdivision 2 of section 14 received evidence as to the compensation of firemen for a year previous to the accident

based on steady employment. But there is no evidence that they were steadily employed and this claimant certainly was not steadily employed and had only been employed as a fireman six days. Subdivision 3 of section 14 provides that if subdivision 1 or 2 " cannot reasonably and fairly be applied " the annual earnings shall be such sum as " shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident " and shall be arrived at in the manner indicated in said subdivision 3. The true test is the average weekly earnings, regard being had to the known and recognized incidents of the employment, including the element of discontinuousness. (*Matter of Littler* v. *Fuller Co.,* 223 N. Y. 369; *Cohen* v. *Rothstein & Pitofsky,* 176 App. Div. 35; *Prentice* v. *New York State Railways,* 181 id. 144.) Under the evidence here existing the annual earnings of the claimant should have been ascertained in the manner provided by subdivision 3 of section 14.

The award should be reversed and the matter remitted to the Commission.

All concur.

Award reversed and matter remitted to the Commission.