Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of AARON MARKOWITZ, Respondent, for Compensation under the Workmen's Compensation Law, v. WATTERS LABORATORIES, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, March 11, 1920.

**Workmen's Compensation Law — injury to minor — evidence insufficient to sustain increase in award.**

The claimant, a minor, was receiving twelve dollars per week when injured and under an agreement with his employer it was provided that he should receive two-thirds of his weekly salary subject to the approval of the State Industrial Commission. The Commission found that as a matter of fact the claimant would be entitled to an increase in wages to eighteen dollars per week and fixed the compensation on that basis at eleven dollars and fifty-four cents per week. *Held*, that there was no evidence on which such increase could be based.

H. T. KELLOGG, J., dissents.

APPEAL by the defendants, Watters Laboratories and another, from an award and order of the State Industrial Commission, entered in the office of said Commission on the 6th day of February, 1919, awarding compensation and continuing the case, and also from an order made on the 21st day of March, 1919, confirming the award.

*Philip J. O'Brien* [*Ainsworth, Carlisle, Sullivan & Archibald* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General, *E. C. Aiken*, Deputy Attorney-General, and *Bernard L. Shientag*, counsel for the State Industrial Commission, for the respondents.

KILEY, J.:

The only question raised on this appeal is whether the Commission had any basis, in the evidence, to award the claimant as large an amount as was awarded to him. On the 9th day of March, 1918, the date of the accident, the claimant was working for the appellant, employer, as stock clerk and was receiving two dollars a day, twelve dollars a week. By

agreement between the claimant and his employer it was pro-
vided that he should receive two-thirds of that weekly wage,
seven dollars and sixty-nine cents, subject to approval of the
State Workmen's Compensation Commission.  Upon exam-
ination by a physician it was found that as a result of the injury
complete ankylosis of the ankle joint had taken place — and
stating further " the defect is equivalent to the loss of use
of the leg from a vocational point of view."   The examination
further disclosed that this young man was not physically
equipped for heavier work than he was doing and that fourteen
or fifteen dollars per week would be about the increased wages
he would earn.   The claimant being a minor the Commission
exercised the power given it under section 14, subdivision 5, of
the Workmen's Compensation Law to find, as a matter of fact,
he would be entitled to an increase of wages to eighteen dollars
a week; based upon that weekly wage claimant's weekly award,
seven dollars and sixty-nine cents, as provided by the agreement,
was raised to eleven dollars and fifty-four cents weekly award,
lacking only a few cents of his full weekly wage when injured.
The record discloses no evidence upon which such increase
could be made.   One of the Commissioners made such sugges-
tion or estimate; but what took place on the examination falls
short of evidence with probative force.   It appears that the
claimant is not inclined to do any thing to help himself or learn
some useful trade that would enable him to earn a living, giving
as a reason that if he did they would stop paying the compen-
sation.   Those so inclined should be made to feel that they
can get on account of injury only what, by competent evi-
dence, the law allows.   (*Cohen* v. *Rothstein & Pitofsky*, 176
App. Div. 35.)

The award should be reversed and the matter remitted to
the Commission for further consideration.

All concur, except H. T. KELLOGG, J., dissenting.

Award reversed, and matter remitted to the Commission
for further consideration.