DANIEL DONOVAN'S CASE.

Suffolk. January 7, 1914. — February 27, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Workmen's Compensation Act. Statute,* Construction.

On an appeal to this court from a decree of the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, the case must be decided upon the facts found by the Industrial Accident Board in their review of the report of the committee of arbitration.

If the workmen employed by one, whose business was cleaning out catch basins, were accustomed to be transported in a wagon furnished by their employer to and from the catch basins to be cleaned, and such employees with the knowledge and consent of their employer could go back at the end of each day's work in this wagon to the employer's barn, if they wished to do so, this can be found to have been one of the incidents of their employment; and, if one of these workmen is injured while thus going home in the wagon at the end of his day's work, his injury can be found to have been one "arising out of and in the course of his employment" within the meaning of the provision of the workmen's compensation act contained in St. 1911, c. 751, Part II, § 1.

It here was said by SHELDON, J., in speaking of the interpretation of the workmen's compensation act, that the provisions of the act are to be construed broadly rather than narrowly, citing a similar remark of RUGG, C. J., in *Coakley's Case,* 216 Mass. 71, 73.

SHELDON, J. The contest here is between Donovan, an employee of one McGreevey, and an insurance company which had insured McGreevey under the provisions of St. 1911, c. 751, Part V, 3, as amended by St. 1912, c. 571, § 17. The point in dispute is whether Donovan's injury arose out of and in the course of his employment, within the meaning of Part II, § 1, of the act of 1911 above cited. See *McNicol's Case*, 215 Mass. 497. This must be decided upon the facts found by the Industrial Accident Board in its review of the report of the committee of arbitration. St. 1911, c. 751, Part III, §§ 5, 10, 16, as amended by St. 1912, c. 571, §§ 10, 13, 15.

Donovan was employed by McGreevey in cleaning out catch basins at a place about two miles from his home. It had been and was his custom, in common with other employees and with the knowledge and consent of his employer, to ride to and from the vicinity of the catch basins in a wagon furnished by his employer, the wagon meeting the employees on the street and the employer being notified if any of the employees failed to report for work at the beginning of the day. The wagon was at the service of the employees at the end of the day, and they might ride in it back to the employer's barn if they wished. Donovan was injured while so riding in this wagon at the end of his day's work, and the board has found that his transportation on the wagon was "incidental to his employment," and "therefore" arose "out of and in the course of said employment." The language of this last finding is a little obscure; but we treat it, as both counsel and also the Superior Court have treated it, as being an inference that Donovan's injury arose out of and in the course of his employment, drawn from the other facts stated, including the fact that the transportation was "incidental to his employment." The question to be decided is therefore whether this inference could be drawn from those facts; for the facts themselves now cannot be inquired into. St. 1912, c. 571, § 14.

There have been several decisions in England as to when and how far an employee can be said to have been in the employ of his master, while travelling to and from his work in a vehicle or means of conveyance provided by the latter, and how far injuries received in such a conveyance can be said to have arisen out of and in the course of the employment. Many of these decisions have been

cited and discussed by Professor Bohlen in 25 Harvard Law Review, 401, *et seq.* From his discussion and the cases referred to by him, and from the later decisions of the English courts, the rule has been established, as we consider in accordance with sound reason, that the employer's liability in such cases depends upon whether the conveyance has been provided by him, after the real beginning of the employment, in compliance with one of the implied or express terms of the contract of employment, for the mere use of the employees, and is one which the employees are required, or as a matter of right are permitted, to use by virtue of that contract. See *Davies* v. *Rhymney Iron Co.* 16 T. L. R. 329; *Holmes* v. *Great Northern Railway,* [1900] 2 Q. B. 409; *Whitbread* v. *Arnold,* 99 L. T. 103; *Cremins* v. *Guest, Keen & Nettlefolds,* [1908] 1 K. B. 469; *Gane* v. *Norton Hill Colliery Co.* [1909] 2 K. B. 539; *Hoskins* v. *J. Lancaster,* 3 B. W. C. C. 476; *Parker* v. *Pout,* 105 L. T. 493; *Walters* v. *Staveley Coal & Iron Co.* 105 L. T. 119, and 4 B. W. C. C. 89 and 303; *Greene* v. *Shaw,* [1912] 2 Ir. 430, and 5 B. W. C. C. 530; *Mole* v. *Wadworth,* 6 B. W. C. C. 128; *Edwards* v. *Wingham Agricultural Implements Co.* [1913] 3 K. B. 596, and 6 B. W. C. C. 511; *Walton* v. *Tredegar Iron & Coal Co.* 6 B. W. C. C. 592.

The finding of the Industrial Accident Board that Donovan's transportation was "incidental to his employment" fairly means, in the connection in which it was used, that it was one of the incidents of his employment, that it was an accessory, collateral or subsidiary part of his contract of employment, something added to the principal part of that contract as a minor, but none the less a real feature or detail of the contract. Whatever has been uniformly done in the execution of such a contract by both of the parties to it well may be regarded as having been adopted by them as one of its terms. Especially is this so where none of the provisions of the contract has been shown by either party, but everything is left to be inferred from their conduct. That was the reasoning of this court in such cases as *Gillshannon* v. *Stony Brook Railroad,* 10 Cush. 228, 231; *McGuirk* v. *Shattuck,* 160 Mass. 45, 47; *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 98; *Kilduff* v. *Boston Elevated Railway,* 195 Mass. 307; and *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575, 577.

Accordingly we are of opinion that the Industrial Accident

Board had the right to draw the inference that Donovan's injury arose out of and in consequence of his employment.

Under our own decisions, Donovan at the time of his injury was in the employ of McGreevey and was a fellow servant with the driver of the wagon. *O'Brien* v. *Boston & Albany Railroad,* 138 Mass. 387. See also the cases last above cited. It is not easy to suppose that the Legislature intended that one who was under the disabilities of a servant should be excluded arbitrarily from the benefits which it undertook to give to all employees. The provisions of the act are to be construed broadly rather than narrowly. *Coakley's Case,* 216 Mass. 71, 73.

The decree of the Superior Court * must be affirmed; and it is

*So ordered.*

The case was submitted on briefs.

*S. H. Batchelder,* for the insurer.

*J. M. Hoy & E. O. Proctor,* for the employee.

<hr/>

* The decree was made by *Pierce,* J.   The insurer appealed.