In the Matter of the Claim of WILLIAM LITTLER, Respondent, against GEORGE A. FULLER COMPANY, Appellant.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — when injury to workman in conveyance furnished by his employer within course of his employment — award to workman based on erroneous assumption of his annual earnings — true rule for computing earnings.**

1. Where claimant, a bricklayer, was injured in an accident to an automobile truck which was furnished by his employer to carry him and other workmen from a house, which they were building, to and from a railroad station, the injury arose out of and in the course of his employment and he is entitled to an award under the Workmen's Compensation Law.

2. Where the award (Workmen's Compensation Law, § 14, subd. 2; Cons. Laws, ch. 67) is based on annual earnings of three hundred times the claimant's daily wage, while the evidence is that bricklayers average about thirty weeks of employment at their trade in each year, the award is excessive and should be reversed. The true test is what were his average weekly earnings, regard being had to the known and recognized incidents of the employment, including the element of discontinuousness. (*Matter of Minniece v. Terry Brothers Co.*, 223 N. Y. 570, distinguished.)

*Matter of Littler v. Fuller Co.*, 182 App. Div. 907, reversed.

(Argued April 29, 1918; decided May 7, 1918.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 8, 1918, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*E. Clyde Sherwood* for appellant. The claimant's injury did not arise out of or in the course of the employment. (*Gifford v. Patterson*, 222 N. Y. 4; *Glatzl v.*

24

*Stumpp,* 220 N. Y. 71; *Nolan* v. *Cranford Co.,* 219 N. Y. 581; *De Voe* v. *N. Y. State Rys.,* 218 N. Y. 318; *Kingsley* v. *Donovan,* 169 App. Div. 828; *McCabe* v. *B. H. R. R. Co.,* 177 App. Div. 107; *Heitz* v. *Ruppert,* 218 N. Y. 148; *De Constantin* v. *P. S. Comm.,* 75 W. Va. 32; *Boggess* v. *I. A. Comm.,* 169 Pac. Rep. 75; *Whitbread* v. *Arnold,* 1 B. W. C. C. 317.) The method adopted by the commission for computing the amount of the weekly payments was erroneous. (*Andrejwski* v. *Wolverine Coal Co.,* 182 Mich. 298; *Prentice* v. *N. Y. State Rys.,* 168 N. Y. Supp. 55; *Annock* v. *Cannock Chase Colliery Co.,* 2 B. W. C. C. 361; *Cohen* v. *Rothstein,* 176 App. Div. 35.)

*Merton E. Lewis, Attorney-General* (*E. C. Aiken* of counsel), for respondent. The transportation of the employees to their place of work was a part of the business of the employer, and, therefore, the accident to the claimant arose out of and in the course of his employment. (*Crimmins* v. *Guest,* 1 B. W. C. C. 160; *Walton* v. *Tredegar Iron & Coal Co.,* 6 B. W. C. C. 592; *Holmes* v. *G. N. Ry. Co.,* 2 B. W. C. C. 19; *Dennis* v. *White & Co.,* Ann. Cases, 1917 E. 325; *Matter of Donovan,* 211 Mass. 77; *Mole* v. *Wadworth,* 6 B. W. C. C. 128.) It was competent for the state industrial commission to find the average weekly wage of the claimant to be thirty-three dollars per week. (*Minniece* v. *Terry Bros. Co.,* 223 N. Y. 570; *Interstate I. & S. Co.* v. *Szot,* 115 N. E. Rep. 599; *Fairchild* v. *Penn. R. R. Co.,* 170 App. Div. 135.)

POUND, J. Littler, the claimant, was a bricklayer. At the time he was hurt he was working for George A. Fuller Company. It was constructing a residence at Great Neck, L. I., two miles from the railroad station. The workmen, who came out by train, had refused to remain on the job unless the employer would furnish

free transportation to and from the work from and to the railroad station. The employer hired an automobile truck to take the employees, morning and night, to and from their work. At the end of the day's work on May 22, 1917, when the truck was making its trip to the station, it went into the ditch. Littler was thrown off and injured.

The industrial commission properly held that the injuries arose out of and in the course of Littler's employment. The vehicle was provided by the employer for the specific purpose of carrying the workmen to and from the place of the employment and in order to secure their services. The place of injury was brought within the scope of the employment because Littler, when he was injured, was " on his way  *  *  *  from his duty within the precincts of the company." (*Matter of De Voe* v. *N. Y. State Railways*, 218 N. Y. 318, 320.) The day's work began when he entered the automobile truck in the morning and ended when he left it in the evening. The rule is well established that in such cases compensation should be awarded. (*Donovan's Case*, 217 Mass. 76; *Cremins* v. *Guest, Keen & Nettlefolds*, [1908] 1 K. B. 469; *Stewart & Son* v. *Loughhurst*, [1917] A. C. 249.) The case would be different if at the time of the accident claimant had been on the railroad train on his way to or from Great Neck.

The average weekly wage of Littler was computed by the commission under subdivision 2 of section 14 of the Workmen's Compensation Law (Cons. Laws, ch. 67) with the result that the award is based on annual earnings of three hundred times his daily wage. No finding that bricklayers work substantially the whole of the year was made. The evidence is to the effect that they average about thirty weeks of employment at their trade in each year. Three hundred days' work in the year is the standard of steady employment. " The average weekly

wages of an employee shall be one-fifty-second part of his average annual earnings." (§ 14, subd. 4.) The award should not exceed two-thirds of the earning capacity. Average annual earnings are computed under subdivisions 1, 2 or 3 of section 14 as the case requires. If the nature of the employment does not permit steady work during substantially the whole of the year the annual earning capacity of the injured employee in the employment is the proper basis of compensation. (§ 14, subd. 3.) The true test is this: What were the average weekly earnings, regard being had to the known and recognized incidents of the employment, including the element of discontinuousness? (*Anslow* v. *Cannock Chase Colliery Co.*, [1909] A. C. 435.)

In *Matter of Minniece* v. *Terry Brothers Co.* (223 N. Y. 570) the question was as to the average earning capacity of the injured man *as a brick moulder*. It did not appear that brick moulders in the locality did not work substantially the whole year. The computation was properly made under section 14, subdivision 2, on the basis of the occupation in which Minniece was engaged at the time of the accident, rather than on the basis of his actual earnings in the year preceding.

The order of the Appellate Division should be reversed and the proceeding remitted to the state industrial commission to compute the average weekly wage of claimant on the basis of his actual annual earning capacity.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.