[Civ. No. 3280. First Appellate District, Division Two.—February 20, 1920.].

MARY DOMINGUEZ et al., Appellants, v. A. L. PENDOLA, Respondent.

[1] WORKMEN'S COMPENSATION ACT—FURNISHING OF TRANSPORTATION BY EMPLOYER—INJURY WHILE GOING TO OR COMING FROM WORK—JURISDICTION OF COMMISSION.—Where transportation is furnished by an employer, as an incident of the employment, to convey an employee to and from the place of employment, an injury suffered by the employee going or coming in the vehicle so furnished by the employer, and under the control of the employer, arises out of, and is in the course of, the employment, within the meaning of the Workmen's Compensation Act; and, under the provisions of said act, the Industrial Accident Commission is given exclusive jurisdiction of actions arising out of such an injury.

[2] ID.—DIVESTING EMPLOYEE OF RIGHT OF TRIAL BY JURY—DEPRIVING SUPERIOR COURT OF JURISDICTION CONFERRED—CONSTITUTIONAL LAW.—The Workmen's Compensation Act is not unconstitutional because it divests an injured employee, or the representatives of a deceased employee, of the right of trial by jury in violation of section 7, article I, of the state constitution, or because it deprives the superior courts of the jurisdiction conferred upon them by section 5, article VI, of said constitution, as those provisions were repealed *pro tanto* by the provisions of section 21, article XX, of the constitution, adopted in 1911, expressly authorizing the legislature to provide for the settlement by arbitration, by a

1. Injuries received while going to and from work as within Workmen's Compensation Act, notes, L. R. A. 1916A, 331; L. R. A. 1917D, 119; L. R. A. 1918F, 907; while riding to or from work in employer's conveyance, note, 10 A. L. R. 169.

board, or by the courts, of disputes involving the liability of employers.

[3] ID.—FAILURE TO COMPLY WITH PROVISIONS OF ACT—SUPERIOR COURT NOT VESTED WITH JURISDICTION.—Under the Workmen's Compensation Act, the Industrial Accident Commission is vested with exclusive jurisdiction of actions to recover for the injury to or death of an employee occasioned by the negligence of a fellow-employee, and no neglect or failure upon the part of the employee or his dependents to comply with any provision of the act, such as that requiring them to serve the employer with notice of the injury, can vest the superior court with jurisdiction.

APPEAL from a judgment of the Superior Court of Santa Barbara County.    S. E. Crow, Judge.    Affirmed.

The facts are stated in the opinion of the court.

B. F. Thomas for Appellants.

Carroll S. Bucher for Respondent.

A. E. Graupner, *Amicus Curiae* on Behalf of Industrial Accident Commission.

LANGDON, P. J.—This is an appeal from a judgment for defendant entered after an order sustaining a demurrer to a complaint without leave to amend.   The action was brought by the widow and minor children of Alfredo Dominguez, deceased, to recover damages for the death of said deceased, alleged to have been caused by the negligence of the defendant. The complaint alleged that on the fourth day of February, 1918, the deceased was in the employ of the defendant, who was constructing a water reservoir for the city of Santa Barbara; that the defendant furnished transportation to his employees engaged in working on said reservoir to and from their homes in said city to said reservoir by means of a truck automobile driven by an employee of the said defendant, which automobile had no means by which one riding on said automobile when driven rapidly over rough roads or roads having short turns could prevent himself from being thrown from said automobile; that on the morning of the accident, while the deceased with other employees of the defendant was being transported in defendant's automobile from Santa Barbara to said reservoir to engage in work for the defendant on the reservoir, the driver of the

automobile, willfully, negligently, and without proper care, drove said automobile at the rate of about twenty-five miles an hour around a very short and dangerous turn in the road to said reservoir and the deceased and two other employees of the defendant were thrown from the automobile with great force and violence, whereby the deceased was instantly killed.

The defendant urged as ground of demurrer that the superior court of Santa Barbara, in which court the complaint was filed, was without jurisdiction of the said action, and that the Industrial Accident Commission of the state of California had sole and exclusive jurisdiction of the same.

The first question to be disposed of upon the appeal is: Do the facts stated in the complaint bring the action within the provisions of the Workmen's Compensation, Insurance and Safety Act of this state, so as to give the Industrial Accident Commission jurisdiction? We are of the opinion that they do. [1] Where transportation is furnished by an employer, as an incident of the employment, to convey an employee to and from the place of employment, an injury suffered by the employee going or coming in the vehicle so furnished by the employer, and under the control of the employer, arises out of and is in the course of, the employment within the meaning of the Compensation Act. (*In re Donovan,* 217 Mass. 76, [Ann. Cas. 1915C, 778, 104 N. E. 431]; *Matter of Littler* v. *Fuller Co.,* 223 N. Y. 369, [119 N. E. 554]; Bradbury's Workmen's Compensation, 3d ed., pp. 480–484, and cases there cited; *Judson Mfg. Co.* v. *Industrial Acc. Com.,* 181 Cal. 300, [184 Pac. 1]; *Starr Piano Co.* v. *Industrial Acc. Com.,* 181 Cal. 433, [184 Pac. 860].)

It is true the case of *Ocean Accident & Guarantee Corp.* v. *Industrial Acc. Com.,* 173 Cal. 313, [L. R. A. 1917B, 336, 159 Pac. 1041], which was based upon the English decisions, contains the statement that an employee going to and from his place of employment is not rendering any service, and begins to render such service only when he arrives at his place of employment and proceeds to use some instrumentality provided by means of which he immediately places himself in a position to perform his tasks. But nowhere in that decision is the legal situation discussed which is presented when an employee, as a part of his contract of employment, is proceeding to his work in a conveyance furnished by his employer and driven by the employer's

agent.  The appellant argues that the ownership of the conveyance can have no bearing upon the question involved, and in this we disagree with counsel.  The logical difference between a situation where the employee is proceeding to work in a conveyance or by a means used by the general public, and where he is proceeding to work by means of an instrumentality furnished to him as an employee, by his employer, is indicated in one of the English cases discussed in the Ocean Accident case, *supra* (*Leach* v. *Oakley Street & Co.*, 4 B. W. C. C. 91).  In the quotation from this English case which is inserted in the Ocean Accident decision, it is indicated that in order to recover under the Workmen's Compensation Act, it is necessary for the employee to have suffered his injury not because of a danger to which he was exposed as a member of the general public, but by reason of a danger to which he was exposed as an employee in his particular employment.  And it seems to us that this is not only the logical dividing line, but it is the dividing line contemplated by the very purpose of the compensation laws in their effort to place upon an industry the burdens of injuries directly due to the hazard incidental to the industry.  In the present case, if deceased had been riding upon a public conveyance, although he was on his way to his work, he would have been subject to the same dangers as any other member of the general public, and if he suffered an accident, it would be as a member of the general public and due to a risk which he, in common with other members of the public, ran.  But when he enters a vehicle provided by his employer for the purpose of conducting him to the place of his employment, he enters that vehicle not as a member of the public, but as an employee of the defendant.  In other words, the danger to which plaintiff's decedent was exposed in riding in his automobile, alleged to have been unprotected, and without guards or rails, and driven by a negligent driver, was a danger to which he was exposed, not as a member of the public, but because, and only because, he was an employee of the defendant.  This danger was an incident to his employment; it arose out of his employment, and was within the scope thereof.

The Workmen's Compensation, Insurance and Safety Act gives the Industrial Accident Commission exclusive jurisdiction of actions arising out of injuries under the circumstances presented here, and the superior court of the county of Santa Barbara was without jurisdiction. .

[2] Appellant seeks to avoid the force of these facts by attacking the constitutionality of the Workmen's Compensation, Insurance and Safety Act. It is asserted that the act is unconstitutional because it divests an injured employee, or the representatives of a deceased employee of the right of trial by jury in violation of section 7, article I, of the constitution of this state; that the act is also unconstitutional because it deprives the superior courts of this state of the jurisdiction conferred upon them by section 5, article VI, of the constitution.

While these precise points were not urged, apparently, in the case of *Western Indemnity Co.* v. *Pillsbury*, 170 Cal. 686, [151 Pac. 398], the court in that case commented upon the objection raised in other states that similar acts were unconstitutional because they deprived both employer and employee of the right to trial by jury, saying that this objection had no application to the law in this state, "for although our constitution has always contained a provision securing the right of trial by jury (art. I, sec. 7), the legislature is, as we have already pointed out; expressly authorized by section 21 of article XX to provide for the settlement by arbitration, by a board, or by the courts, of disputes involving the liability of employers. This section, adopted in 1911, worked a repeal *pro tanto*, of any conflicting provision which may have been in force theretofore." The language above quoted in connection with the language of sections 17½ and 21 of article XX of the constitution of California is a complete answer to both contentions of the appellant upon this question.

[3] We may very briefly dispose of the only other point raised by the appellant, which is that as section 15 of the Workmen's Compensation Act provides that no claim to recover compensation under the act shall be maintained unless within thirty days after the occurrence of the injury notice in writing shall be served upon the employer, etc., and, as the complaint in this case does not allege that such notice was served, it does not appear that the Industrial

Accident Commission had jurisdiction. Appellant argues that if by reason of the omission of notice the Industrial Accident Commission had no jurisdiction, then the superior court would acquire jurisdiction. In the first place, the requirement of written notice contained in section 15 is not absolute, and facts may appear which would make the written notice unnecessary to the jurisdiction of the Industrial Accident Commission under the express language of the section. But be that as it may, it is certain that even though the appellant had by her omissions forfeited her rights before the Industrial Accident Commission, that in itself could not confer jurisdiction upon another tribunal. Under the Workmen's Compensation Act, the Industrial Accident Commission is vested with exclusive jurisdiction of actions such as the one here under consideration, and no neglect or failure upon the part of the employee or his dependents to comply with any provisions of the act can vest the superior court with jurisdiction.

The judgment is affirmed.

Nourse, J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 15, 1920.

All the Justices concurred.