Van Siclen, J.
Plaintiff has a verdict in her favor against the Standard Shipbuilding Corporation and against her as to the defendant Albany and Troy Steamboat Company. The defendant Standard Shipbuilding Corporation moves to set aside said verdict against it and for a dismissal of the complaint, and the plaintiff moves to set aside the verdict as to the other defendant Albany and Troy Steamboat Company, Ltd., and for a new trial. The verdict of the jury was rendered after a protracted trial in which the issues raised by the respective parties were litigated at length; such a verdict should not be disturbed by the trial court unless clearly against the weight of evidence or contrary to settled law.
Plaintiff, as administratrix, seeks to recover money damages for the death of her intestate on account of negligence of both defendants — such alleged negligence being confined to the repair of a certain steam pipe connected with the boiler of the defendant Albany and Troy Steamboat Company’s boat, which *452 had been leased to or chartered by the defendant Standard Shipbuilding Corporation. Upon the trial the plaintiff proved that her intestate met his death by reason of the blowing out of the steam pipe in question; that shortly before certain repairs had been made to said pipe by the employees of the defendant Standard Shipbuilding Corporation at the request, for and under the direction of the Albany and Troy Steamboat Company; that the same had been poorly, negligently and defectively made, and that said boat in such defective and dangerous condition was used by the defendants as aforesaid to transport plaintiff’s intestate and other employees of the defendant Standard Shipbuilding Corporation to and from Shooters Island, their place of employment.
The repair to the steam pipe referred to was admitted by both defendants, but they sharply disputed the method and manner and the condition both before and after the said repairs, and of the boiler and appurtenances, as well as the responsibility and liability for the explosion or blow out which resulted in the death or injury to several of those on board. As between the two defendants, the jury has found that the Standard Shipbuilding Corporation, the employers of plaintiff’s intestate, the charterer of the boat, and whose men actually made the repairs, alone was liable. Plaintiff’s complaint and proof of negligence being only as to said repair, this court cannot say that the verdict is clearly against the weight of evidence and, therefore, must not, under the authorities, attempt to substitute its judgment for that of the jury.
The motion of the defendant Standard Shipbuilding Corporation to set aside the verdict and for a dismissal of the complaint raises a more serious and complicated question. Said defendant pleaded and, throughout the trial, insisted that any claim that plaintiff *453 might make against it was under and pursuant to the Workmen’s Compensation Act, and that plaintiff had no claim against it otherwise. When interrogated by the court, said defendant’s counsel placed in the record the concession that said defendant would acknowledge the validity of such claim under said act if applied for to the proper commission or authority. Plaintiff’s counsel insists that, at the time of the accident, plaintiff’s intestate was not such an employee or servant of the defendant Standard Shipbuilding Corporation within the contemplation or covered by the provisions of the Workmen’s Compensation Act, and that the plaintiff has clearly stated and proven a cause of action at common law against said defendant. The solution of the problem will be found in the answer to the question: “ Did plaintiff’s intestate come to his death from injuries received or drowning which ‘ arose out of and in the course of his employment?’ ” If the affirmative holds, plaintiff is relegated exclusively to relief under said act.
There is little dispute as to the main facts. Plaintiff’s intestate' was employed by the defendant Standard Shipbuilding Corporation at its yard on Shooters Island, access to which was by boat only. Prior to the chartering of the Julia Safford, there were some four other boats or ferries operating between this island and New Jersey, Staten Island, and New York city, for the transportation of workmen to and from said island, and after some of the men had made complaint with regard to the inadequacy of said transportation to the Emergency Fleet Corporation (the said defendant Standard Shipbuilding Corporation being engaged in building ships for the United States government), the said Standard Shipbuilding Corporation was directed to provide additional transportation, which it did by hiring or chartering the Julia Safford, and for *454 which it was reimbursed by the government. The workmen carried in this manner paid nothing for the transportation until after the government work ceased; then the contract or arrangement was terminated. At the time of the accident in question, the workmen’s day’s work began and closed at Shooters Island, and not at the time they embarked or landed at the mainland. Plaintiff’s intestate came to his death on the return trip of the Julia Safford from Shooters Island to Brooklyn on the 20th day (Saturday) of September, 1918, after the completion of the week’s work and payment therefor.
Defendant Standard Shipbuilding Corporation contends that the status of an employee, when injured while being transported to and from his work, has been definitely fixed and finally determined by the Court of Appeals. Matter of Littler v. Fuller Co., 223 N. Y. 369. An examination of said case reveals that it arose out of an application by the injured employee to the commission for compensation by his employer under and as provided by the act. At the time the employee in that case received the injury complained of, he was being conveyed by automobile from his place of work in the country to the railroad station. The court found that the conveyance by automobile to and from the place of employment — a building in the course of erection — was included in the contract of employment and was necessary in order to secure or retain the services of the employee. It also found, by inference, that the employee’s day’s work began when he entered the automobile in the morning and ended when he left it in the afternoon at the station, and that his pay was measured by the elapsed time. Such being the case, it could easily follow that the commission and the court were justified in finding that the place of injury was brought within the scope and bounds of and inci *455 dental to the employment and within the control, conveyance furnished and precincts of the employer, and, therefore, covered by the act. However, in that form of litigation, between employee and employer and the latter’s insurance carrier, there has been a pronounced extension of the meaning of these terms so far as contemplated by the act. The decision (Matter of Littler v. Fuller Co., supra) closely follows the English and Massachusetts cases. Donovan’s Case, 217 Mass. 76. See, also, Matter of De Voe v. New York State Railway Co., 218 N. Y. 318; Pierson v. Interborough R. T. Co., 184 App. Div. 678; affd., 227 N. Y. 666; Buynofsky v. Lehigh Valley R. R. Co., 228 id. 249.
In the instant case, however, there appear facts which provoke a different situation, and naturally the question presents itself: “ Would the said Industrial Commission and the courts, upon the application of the defendant to compel the plaintiff to accept the remedy provided by the act and limit her to the same, hold that the death of plaintiff’s intestate, ‘ arose out of and in the course of his employment.’ ” Concededly plaintiff’s intestate’s hours of work had expired; his work for the day and the week was over, and he had received his pay therefor; he was being conveyed in a boat hired or chartered by the defendant Standard Shipbuilding Corporation from the co-defendant Albany and Troy Steamboat Company at the order or direction and expense of the government and not of the Standard Shipbuilding Corporation, and which expense in no wise figured in the pay or wages of the plaintiff’s intestate. To say that the death of plaintiff’s intestate arose out of and in the course of his employment and within the precincts of his then or theretofore employer, the Standard Shipbuilding Corporation, seems to be extending the compass of the act to even a greater degree than in any case cited or *456 which has come to the notice of this court. Under the circumstances, plaintiff having a verdict, the burden of establishing a precedent or making new law. should be upon the defeated party.
Plaintiff’s motion to set aside verdict as to the defendant Albany and Troy Steamboat Company denied, with exception to plaintiff. Defendant Standard Shipbuilding Corporation’s motion to set aside verdict denied, with exception; thirty days’ stay and sixty days to make and serve case granted to the party or parties appealing.
Ordered accordingly.