Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of JAMES A. MERRILL, Appellant, for Compensation under the Workmen's Compensation Law, *v.* ELWIN PICKETT, Employer, and LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK, Insurance Carrier, Respondents.

Third Department, November 15, 1922.

Workmen's Compensation Law — loss of part of arm in sawmill — award — determination of amount where claimant worked part time — average weekly wage not determined by dividing amount earned on part time by number of elapsed weeks.

In determining the average weekly wage of claimant for the purpose of fixing compensation under the Workmen's Compensation Law, where the claimant worked for one employer for only 133½ days during the elapsed period of thirty-

seven weeks, it is improper to divide the total amount received by thirty-seven, but, as prescribed by section 14 of the Workmen's Compensation Law, the average daily wage should be multiplied by 300 and the result divided by 52.

APPEAL by the claimant, James A. Merrill, from a decision and award of the State Industrial Board, made on the 2d day of February, 1922, affirming an award made on the 24th day of June, 1921.

*Jerome S. Seacord,* for the appellant.

*Charles D. Newton, Attorney-General,* for the respondent State Industrial Board.

*D. Theodore Kelly [Howard B. Harte* of counsel], for the defendants, respondents.

HASBROUCK, J.:

This is an appeal by the claimant from an award made to him for loss of his right arm.

Elwin Pickett ran a sawmill near Unadilla in the county of Otsego during the year 1920. The claimant, James Merrill, came to work for him on May thirty-first, and worked up until February 17, 1921, as general worker and tailing edger. On that day he caught the sleeve of his coat in the machinery and his right arm was mangled to such extent that he lost the lower third of it. Between the dates above given he worked 133½ days and earned $561.50.

The Board awarded him ten dollars and eleven cents for 312 weeks, having found his average weekly wages to have been fifteen dollars and eighteen cents.

The controversy is defined by Mr. Abbott, referee. He said: " Your contention is that compensation should be adjusted under section 1 or 2? " * Mr. Seacord, attorney for the claimant, answered " yes." Referee to carrier: " Your contention is that it [employment] is intermittent * * * and should be adjusted on the actual amount of money he earned in the year? " The Carrier: " Yes."

It is easily figured out that the method arrived at by the Board was to divide the amount earned by the claimant by thirty-seven, the number of weeks he worked, to ascertain his average weekly earnings. It is claimed that there is authority for the use of this method in *Matter of Littler* v. *Fuller Co.* (223 N. Y. 372). That case decides the method of compensation to be followed where the injury has been sustained during employment in a seasonable occupation such as bricklaying where the work averages about thirty weeks in a year.

There is no evidence to warrant the use by the Board of the

---

* *Sic.* See Workmen's Compensation Law (§ 14, subds. 1, 2).— [REP.

method adopted in that case to ascertain the average weekly earnings of the claimant.

The scheme embodied in section 14 of the Workmen's Compensation Law seems simple. Compensation is based upon the average weekly wages of the injured employee at the time of the injury. Each of the first three subdivisions depends for its execution on the ascertainment of the average annual earnings of the claimant. The inexorable law of the statute is that the average weekly wages shall be one fifty-second part of the employee's average annual earnings. The process prescribed by the statute was not followed.

The proof is not sufficient to enable the court to modify the award, so it should be reversed and a new hearing ordered, with costs and disbursements to the appellant.

H. T. Kellogg, Acting P. J., Kiley, Van Kirk and Hinman, JJ., concur.

Award reversed and matter remitted to the State Industrial Board, with costs to the appellant against the State Industrial Board to abide the event.