KONOPKA *v.* JACKSON COUNTY ROAD COMMISSION.

Workmen's Compensation—Compensable Accident—Transportation.

> Accident resulting in death of employee of highway commission which occurred while he was being transported from place of work to his home in truck belonging to another employee *held,* to have arisen out of and in the course of the employment so as to be compensable where it is understood by both parties that such transportation by the employer would be furnished as an incident of the employment contract and it was so furnished under a uniform course of conduct.

Appeal from the Department of Labor and Industry. Submitted October 3, 1934. (Docket No. 56, Calendar No. 37,507.) Decided January 7, 1935.

Frances Konopka and minor children, as dependents, presented their claim for compensation against Jackson County Road Commission, employer, and Michigan Mutual Liability Company, insurer, for accidental injuries resulting in the death of Anthony Konopka. Award to plaintiffs. Defendants appeal. Affirmed.

*Maxwell F. Badgley* (*Robert L. Drake,* of counsel), for plaintiffs.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

NORTH, J. This is an appeal by the defendants in a compensation case in which an award was made to the plaintiffs who are the widow and three minor children of the deceased employee. This man, Anthony Konopka, received a slip from the welfare agency in Jackson, Michigan, directing him to go to the highway commission for an assignment of work. He did so and was assigned to highway work then being done by the commission some 13 or 14 miles west of Jackson. Together with other employees Konopka reported for work at the offices and warehouse of the highway commission a little after 7 o'clock in the morning. These men got into trucks and were taken to the place of work. Some of the trucks were owned by the highway commission and some by men who were hired with their trucks incident to this highway work. The men began at 8 o'clock in the morning and continued to work until 4 in the afternoon, with a half-hour off for the noonday lunch. At the close of the day's work the men again got into trucks and were driven back to Jackson. This manner of going to and from the work was not compulsory, but seems to have been the general method prevalent with Konopka

and his fellow employees. While making the return trip on the afternoon of January 30, 1933, the truck in which Konopka was riding skidded, turned completely around in the highway and finally was stopped by striking a tree. Konopka was thrown from the truck and received injuries from which he died. This truck was owned by another employee who used it in connection with the highway work. While it was not expressly made a part of the employment of this man with his truck that he should transport other employees to and from the place of work, it appears that such was an established custom.

The sole question presented by this appeal is whether an accident resulting in the injury of an employee while he is being conveyed from the place where he works to his home in the manner here disclosed is an accident arising out of and in the course of his employment. The law seems rather definitely settled that in cases where the contract of employment expressly includes conveyance of the employee to or from his place of work, an accident arising out of such transportation and resulting in an injury to the employee is compensable. It is so held because such an accident arises both out of and in the course of the employment. 1 Schneider's Workmen's Compensation Law (2d Ed.), § 265. We think both on reason and on respectable authority the holding should be the same where, as in this case, incident to the employment contract it is contemplated and understood by both the employer and the employee that the former will transport the latter to or from the place where the work is done. And especially should such be the rule when under a uniform course of conduct the employer does so convey the employee. We do not think the legal aspect is affected

by the fact that the employee may at his option adopt other means of conveyance. The arrangement for conveyance of the employee by the employer, when made, is obviously for their mutual advantage; and from the inception of the journey the employee in a very large sense is under the control of the employer. Surely the safety or the peril of the journey is within the control of the employer. The transportation is such an essential incident of the employment as to be a part of it. Hence, if an accident arises out of the transportation so provided it is an accident arising out of and in the course of the employment. And under the circumstances presented here it does not seem that a different legal aspect was presented merely because the transportation was in a truck owned and operated by another employee rather than in a truck belonging to and operated by the employer. The test is whether under the contract of employment, construed in the light of all the attendant circumstances, there is either an express or implied undertaking by the employer to provide the transportation.

"The employment continues throughout the transportation in case the parties by their contract of hiring positively or inferentially so stipulate." *Tallon* v. *Interborough Rapid Transit Co.*, 232 N. Y. 410 (134 N. E. 327, 21 A. L. R. 1218).

"While there is diversity of opinion on the question, the weight of authority sustains the conclusion that, if an employer furnishes transportation for his employee as an incident of the employment, or as a part of the contract of employment, an injury suffered by the employee while going to or returning from the place of employment in the vehicle furnished by the employer and under his control arises out of and in the course of the employment. *Fisher*

v. *Tide Water Building Co.*, 97 N. J. Law, 324 (116 Atl. 924); *Harrison* v. *Central Const. Co.*, 135 Md. 170 (108 Atl. 874, 877); *Scalia* v. *American Sumatra Tobacco Co.*, 93 Conn. 82 (105 Atl. 346); *Swanson* v. *Latham*, 92 Conn. 87 (101 Atl. 492); *Donovan's Case*, 217 Mass. 76 (104 N. E. 431, Ann. Cas. 1915C, 778); *American Coal Mining Co.* v. *Cranshaw*, 77 Ind. App. 644 (133 N. E. 394, 396); *Dominguez* v. *Pendola*, 46 Cal. App. 220 (188 Pac. 1025); *Littler* v. *George A. Fuller Co.*, 223 N. Y. 369 (119 N. E. 554; 62 A. L. R. 1438, annotation)." *Phifer's Dependents* v. *Foremost Dairy*, 200 N. C. 65 (156 S. E. 147).

Decision in *Levchuk* v. *Krug Cement Products Co.*, 246 Mich. 589, is not at all to the point presented by this appeal. In the *Levchuk Case* the employee was going to his place of work on his employer's time in the truck of another. Decision by an equally divided court affirming denial of compensation was only to the effect that the accident, caused by a wild fowl flying into and breaking the windshield of the truck, did not arise out of the employment of the injured man. In the case under review the accident did arise out of the transportation which clearly, in the contemplation of both the employer and the employee, was incident to and a part of Konopka's employment. The accident arose out of and in the course of such employment and was compensable.

The award is affirmed, with costs to appellee.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with NORTH, J.

WIEST, J. (*concurring*). An examination of cases upon the subject leads me to concur in the opinion of Mr. Justice NORTH.

The case at bar, being on the border line, has caused hesitation on my part. I conceive the modern rule to be that if the employment and place thereof necessitates transportation, not furnished or obtained by the employee, but by the employer in recognition of the need thereof, then it may be said to be a contemplated incident of the employment.

The rule was stated in *Voehl* v. *Indemnity Insurance Co.*, 288 U. S. 162 (53 Sup. Ct. 380, 87 A. L. R. 245), (injury to an employee in automobile accident on way to work):

"The general rule is that injuries sustained by employees when going to or returning from their regular place of work are not deemed to arise out of and in the course of their employment. Ordinarily the hazards they encounter in such journeys are not incident to the employer's business. But this general rule is subject to exceptions which depend upon the nature and circumstances of the particular employment. 'No exact formula can be laid down which will automatically solve every case.'   *   *   * While service on regular hours at a stated place generally begins at that place, there is always room for agreement by which the service may be taken to begin earlier or elsewhere. Service in extra hours or on special errands has an element of distinction which the employer may recognize by agreeing that such service shall commence when the employee leaves his home on the duty assigned to him and shall continue until his return. An agreement to that effect may be either express or be shown by the course of business. In such case the hazards of the journey may properly be regarded as hazards of the service and hence, within the purview of the compensation act.''