[L. A. No. 18419.   In Bank.   Dec. 23, 1942.]

CALIFORNIA CASUALTY INDEMNITY EXCHANGE (an Inter-Insurance Exchange), Petitioner, v. INDUS-TRIAL ACCIDENT COMMISSION and JANE G. DUFFUS, Respondents.

Richard L. Oliver and Judd Downing for Petitioner.

Everett A. Corten and Dan Murphy, Jr., for Respondents.

TRAYNOR, J.—Jane Duffus was employed as a stenographer in Fullerton by the Val Vita Food Products, Inc. She and several other employees of the company lived in Los Angeles thirty-three miles away, and for their convenience the company purchased an automobile to transport them to and from work. There was a bus line between Los Angeles and Fullerton, and the employees were not required to use the automobile, but those who did were charged $4.00 a month, representing a pro rata share of the running expenses, which was deducted from their wages. The employees would decide among themselves who was to drive, and there was no regular driver. The employee who lived the farthest away would drive the car home, keep it over night and in the morning pick up the other employees on the way to work.

On April 18, 1941, three employees of the Val Vita company, including Mrs. Duffus, were driving home in the automobile. One of them left the car, and shortly thereafter it collided with another automobile, injuring Mrs. Duffus. The employees had punched the time clock before leaving the plant, but, as was their custom, had taken with them office mail, which they deposited in a mail box on the road. The driver of the automobile had also taken samples to be delivered to a salesman of the company in Los Angeles. Mrs. Duffus was not driving the car at the time of the collision. She applied for compensation under the California Workmen's Compensation Act, and the Industrial Accident Commission made an award in her favor. The insurer of the

Val Vita company now petitions for a writ to review this award, contending that the evidence does not support the finding of the commission that the accident arose out of and occurred in the course of the applicant's employment.

Petitioner contends that the case falls within the general rule that injuries sustained by an employee while going to or coming from his place of employment are not compensable under the Workmen's Compensation Act. (See 27 Cal.Jur. 380.) It is well recognized, however, that if an employer, as an incident of the employment, furnishes his employee with transportation to and from the place of employment and the means of transportation are under the control of the employer, an injury sustained by the employee during such transportation arises out of and is in the course of the employment and is compensable. (*Dominguez* v. *Pendola,* 46 Cal.App. 220 [188 P. 1025]; *Trussless Roof Co.* v. *Industrial Acc. Com.,* 119 Cal.App. 91 [6 P.2d 254]; *Rader* v. *Keeler,* 129 Cal.App. 114 [18 P.2d 360]; see *Dellepiani* v. *Industrial Acc. Com.,* 211 Cal. 430 [295 P. 826]; *Smith* v. *Industrial Acc. Com.,* 18 Cal.2d 843, 846-847 [118 P.2d 6]; 10 A.L.R. 169; 21 A.L.R. 1223; 24 A.L.R. 1233; 62 A.L.R. 1438; 87 A.L.R. 250; 9 So.Cal.L.Rev. 63; *cf. California Highway Com.* v. *Industrial Acc. Com.,* 61 Cal.App. 284 [214 P. 658].) The case of *St. Helens Colliery Co., Ltd.* v. *Hewitson,* (1924) Appeal Cases 59, upon which petitioner relies, represents the English rule but not the law in the United States. (*American Coal Mining Co.* v. *Crenshaw,* 77 Ind.App. 644 [133 N.E. 394]; *Phifer's Dependents* v. *Foremost Dairy,* 200 N.C. 65 [156 S.E. 147, 62 A.L.R. 1438].) There is no question that the automobile in the instant case was furnished by the employer to the employees for the purpose of transporting them to and from work. It is also clear that the car was under the employer's control. (*Trussless Roof Co.* v. *Industrial Acc. Com., supra; Konopka* v. *Jackson County Road Com.,* 270 Mich. 174 [258 N.W. 429, 97 A.L.R. 552]; *Phifer's Dependents* v. *Foremost Dairy, supra; McClain* v. *Kingsport Improvement Corp.,* 147 Tenn. 130 [245 S.W. 837]; *Swanson* v. *Latham & Crane,* 92 Conn. 87 [101 A. 492]; *Osterhout* v. *Latham & Crane,* 92 Conn. 91 [101 A. 494].)

Petitioner contends, however, that the transportation furnished the employees of the company was not an incident of their employment but merely an accommodation that they

might use or not as they wished. The employer, however, supplied transportation to and from its office as a regular practice, and the employee regularly used that transportation. ▮ An agreement by an employer to furnish transportation need not be express; it may be implied from the circumstances of the case and the uniform course of conduct of the parties. (*Rader* v. *Keeler, supra; In re Donovan,* 217 Mass. 76 [104 N.E. 431, Ann.Cas. 1915C, 778]; *Konopka* v. *Jackson County Road Com., supra; Southern States Mfg. Co.* v. *Wright,* 146 Fla. 29 [200 So. 375]; *Venho* v. *Ostrander Ry. & Timber Co.,* 185 Wash. 138 [52 P.2d 1267, 1268]; see *Breland* v. *Traylor Engineering & Mfg. Co.,* 52 Cal.App.2d 415 [126 P.2d 455].) Mrs. Duffus testified that when she was hired she understood that transportation to and from the office would be furnished her. On the first day of her employment she rode to work in the automobile and was told by one of the employees who had stopped for her that it was a company car and that $4 a month for its use would be deducted from her wages. These facts were sufficient to support an inference that there was an implied agreement to furnish transportation.

▮ Petitioner contends, however, that such an agreement cannot be inferred because the employer was under no obligation to provide the automobile and could discontinue its use at any time, and the employees were under no obligation to use it and could use other available means of transportation at any time. These considerations, however, do not preclude the existence of an implied agreement on the part of the employer to furnish the transportation as an incident of the employment. The employer's right to withdraw the privilege of using the car was merely a right to terminate the contract at will, and was not inconsistent with the existence of the agreement. A contract at will remains a contract until it is terminated. Contracts of employment are usually of this nature, and the fact that an employer, in the absence of an agreement to the contrary, may at any time terminate the employment or change any of its terms, such as the amount of the employee's wages, does not preclude the existence of the contract. Likewise, the employee's freedom to use other transportation no more precludes the existence of an agreement than the freedom of the purchaser of a railroad ticket to use other transportation than that for which he paid. (*American Coal Mining Co.* v. *Crenshaw,*

*supra; Konopka* v. *Jackson County Road Com., supra.*) The basic contract between the parties was one for employment. Although such contracts may consist simply of a promise to work in exchange for a promise to pay a certain wage, they may also involve additional promises by either party. An employer may give his employee, in consideration for the employee's work, both a wage and the accommodation of transportation to and from the place of employment. In the present case the employer was obligated to pay Mrs. Duffus the agreed wage and to furnish the automobile for her transportation. She in turn was obligated to perform the work for which she was hired and to pay $4 a month for transportation to and from work.

█ Petitioner contends that even if the evidence shows an agreement to furnish transportation it was not part of the contract of hire and therefore not an incident of the employment. Transportation may be incidental to the employment, however, even though it is only a collateral or subsidiary part of the contract of employment, or "something added to the principal part of that contract as a minor, but none the less a real, feature or detail of the contract." (*In re Donovan, supra.*) Since the transportation was regularly furnished to the employee solely because of her status as an employee, the inference is reasonable that the transportation depended upon the fact of the employment and was incidental to it. (See *Dominguez* v. *Pendola, supra.*) █ The employer's charge for the transportation did not transform the agreement into an independent contract of carriage, since the consideration for the employer's agreement was not simply the payment of the $4 monthly, but the performance of work for the company as well. (*American Coal Mining Co.* v. *Crenshaw, supra.*) The fact that the charge was deducted from the employee's wages definitely indicated the connection of the transportation with her contract of employment.

█ Petitioner contends that the applicant was not acting within the course of her employment at the time of her injury because she was not performing any service growing out of or incidental to her employment. It is not indispensable to recovery, however, that the employee be rendering service to his employer at the time of the injury. (*Dominguez* v. *Pendola, supra; Western Pipe etc. Co.* v. *Industrial Acc. Com.,* 49 Cal.App.2d 108, 110-111 [121 P.2d 35];

*Smith* v. *Industrial Acc. Com., supra.*) The essential prerequisite to compensation is that the danger from which the injury results be one to which he is exposed as an employee in his particular employment. This requirement is met when, as an employee and solely by reason of his relationship as such to his employer, he enters a vehicle regularly provided by his employer for the purpose of transporting him to or from the place of employment. (*Dominguez* v. *Pendola, supra.*)

The award is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Spence, J. pro tem., concurred.