## WHITE v. PUBLIC SERVICE COMMISSION.

1. WORKMEN'S COMPENSATION—PUBLIC SERVICE COMMISSIONER—
DEATH EN ROUTE HOME—TRANSPORTATION IN STATE CAR.

Dependents of member of public service commission who was killed while en route from commission office to his home in another city, in a State-owned car, on a Friday afternoon for the week end *held*, not entitled to recover workmen's compensation, where although it appears that the employer paid for such transportation, the mere fact that he took work home with him did not establish that such transportation was incident to and a part of his employment, conclusion that the commission had another office in deceased's home city was not justified and there does not appear to have been an agreement that such transportation was a part of his compensation.

2. SAME—COSTS.

No costs are allowed on reversal of award of workmen's compensation in favor of dependents of public service commissioner who was killed en route home with a file of work of the commission while in a State-owned car, the question presented involving the use of State property.

Appeal from Workmen's Compensation Commission. Submitted October 8, 1953. (Docket No. 40, Calendar No. 45,847.) Decided November 27, 1953.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 217 *et seq.*
[1] Performance of employer's work at home of employee as affecting recovery for injuries received while going to or from work. 83 ALR 216; 92 ALR 1036.
Injury while on way to or from work sustained by employee who does not work regular hours or is subject to call. 142 ALR 885.
Right to compensation for injury while going to or from work as affected by fact that compensation covers time involved or cost of transportation, or both. 87 ALR 250.
[2] 14 Am Jur, Costs § 91.

Marjorie A. White, widow of Stuart B. White, deceased, presented her claim for compensation against State of Michigan, Public Service Commission, employer, and State Accident Fund, insurer, for death of her husband. Award to plaintiff. Defendants appeal. Reversed.

*Warner & Hart,* for plaintiff.

*Harry F. Briggs* (*Stanley Dodge,* of counsel), for defendants.

BUSHNELL, J.   The late Stuart B. White, of Niles, Michigan, was appointed chairman of the Michigan Public Service Commission on July 2, 1947. White acted in that capacity until July 3, 1949, and thereafter continued as a member of the commission until his untimely death on November 10, 1950. In accordance with a custom of many years' standing he was furnished, as were the other members of the commission, with an automobile owned by the State, and with credit cards to finance its maintenance and operation. Generally, such cars are used for State business, but it is the practice of those to whom they are assigned to also use them in driving from their homes to Lansing and return.

The commission, of which the deceased was a member, exercises regulatory control over all public utilities and other services affected with a public interest within this State, and to that end conducts hearings at the office of the commission in Lansing, although sometimes hearings are held elsewhere. The hours of employment of the office force are from 8 a.m. to 5 p.m., but members of the commission, like those of other departments, boards and commissions, do not and cannot adhere to specific office hours. Commissioner White used the car assigned to him in the performance of his duties and in order

to travel week ends to his home in Niles, Michigan. He, like other commissioners, usually took files home in order to study pending matters.

On Friday, November 10, 1950, Commissioners White and Schuyler L. Marshall conducted a hearing concerning the Mulvena Truck Lines, Inc., at the office of the commission in Lansing. The formal session was concluded about 3 o'clock that afternoon and, because Commissioner White had a dinner engagement that night and it had started to snow, he left the office about 3:45 p.m., taking with him some papers relative to the hearing just concluded. He departed from Lansing in the State-owned car for his home at Niles, and when he reached a point on M-60, about a half mile west of Burlington, Michigan, he had a fatal accident.

His widow, Marjorie A. White, filed an application for hearing and adjustment of claim as a dependent of the deceased, in which her daughter, Martha, and son, Joseph B., are also described as dependents. The claim was contested by defendants "State of Michigan, Public Service Commission, and State Accident Fund."

The deputy commissioner of the workmen's compensation commission in awarding compensation to the dependents found that "deceased carried out the duties as required by his employer both at the city of Niles and at Lansing, and was accustomed to travel between the 2 points with the cognizance and full approval of the employer."

Upon review. the compensation commission in its written opinion recited the details of Commissioner White's appointment and activities with considerable emphasis upon the testimony of ex-Governor Sigler. The Governor had testified that, due to reluctance to accept the appointment, Commissioner White was assured by him that he could take commission work home on Friday and would not have to

return to Lansing until Monday, in order that he might have more time with his family. In sustaining the award of the deputy the commission said:

"It is undisputed the deceased was furnished transportation from his home at Niles to Lansing and return by his employer at the cost of the employer. He was provided that transportation as a part of his contract of employment. The accident arose out of the transportation and because it was furnished by the employer the deceased was in the course of his employment when the accident happened. *Konopka* v. *Jackson County Road Commission*, 270 Mich 174 (97 ALR 552).

"There is another basis for concluding that the accident arose out of and in the course of the employment, namely, the deceased had with him a part of the commission's file in an important pending case to work on in his office in Niles where he was accustomed to work on commission matters over the week end. That alone is sufficient to establish a causal relation between the accident and his employment."

Appellants ask: "Did plaintiff's decedent's death arise out of and in the course of his employment?" The appellee asks: Is the fatal accident compensable under the rule of the *Konopka Case* and "did the contract of employment make Niles an additional post of employment?"

The application of the phrase "out of and in the course of employment" has produced much litigation. See numerous citations which appear in 58 Am Jur, § 209 *et seq.* of the article on Workmen's Compensation; Callaghan's Michigan Digest, Workmen's Compensation, § 68 *et seq.* See, also, Horovitz, Injury and Death Under Workmen's Compensation Laws (1944), pp 93 to 173.

We have recently discussed facts comparable to those in the instant case and reviewed the authorities

applicable thereto in *Graham* v. *Somerville Construction Company,* 336 Mich 359, decided on April 13, 1953. In that case Graham, a superintendent of a pipeline construction project, had a room in Hastings, Michigan, several miles from the construction operations. He was furnished a pickup truck for his use in performing his duties and for transportation to and from his rooming place. A ditch-digging machine broke down and Graham picked up a fellow employee, Sutton, and drove to the pipeline excavation. They examined the damaged parts of the machine and made a note so that new parts could be ordered. On his return home Graham stopped at Sutton's home for dinner, and then left alone for Hastings, driving his employer's truck. While en route the truck left the road and Graham was instantly killed. There, like here, the dependent widow relied on the provisions of CL 1948, § 412.1 (Stat Ann 1950 Rev § 17.151), which reads in part:

"An employee, who receives a personal injury arising out of and in the course of his employment by an employer who is at the time of such injury subject to the provisions of this act, shall be paid compensation in the manner and to the extent hereinafter provided, or in case of his death resulting from such injuries such compensation shall be paid to his dependents as hereinafter defined."

A dependency award was set aside because of the holdings in the cases therein cited, chief among which are: *Daniel* v. *Murray Corporation of America,* 326 Mich 1; *Hickman* v. *City of Detroit,* 326 Mich 547; *State Treasurer* v. *Kaiser-Frazer Corporation,* 326 Mich 715; *Pilgrim* v. *Menthen,* 327 Mich 714; *Phillips* v. *Fitzhugh Motor Company,* 330 Mich 183; and *Lyons* v. *Ford Motor Company,* 330 Mich 684. In *Konopka* v. *Jackson County Road Commission,* 270 Mich 174 (97 ALR 552), the case on which the compensation commission based its determination, Ko-

nopka was transported in a truck, together with other employees, by his employer, Jackson County Road Commission, from its office and warehouse to a point where work was being done by the commission some 14 miles west of Jackson.  While making the return trip the truck skidded, struck a tree, and Konopka received injuries from which he died.  The truck was owned by another employee who used it in connection with highway work, and while not expressly a part of his employment, it was the established custom that he should transport other employees to and from the place of work.  The Court held the fatal accident arose out of transportation which clearly, in the contemplation of both the employer and employee, was incident to and a part of the employment.

The mere inference from the fact that Commissioner White took work home with him would not establish that his transportation to and from Lansing was incident to and a part of his employment. Nor would it justify the conclusion that the public service commission had another office in Niles, Michigan.  See the rule applied in *Murphy* v. *Board of Education of the School District of the City of Flint,* 314 Mich 226, and *Kelly* v. *Dixie Fuel & Supply Company,* 329 Mich 466.

Notwithstanding the testimony of ex-Governor Sigler, there was no agreement between the State and Commissioner White that the furnishing of automobile transportation between Niles and Lansing, Michigan over week ends was a part of the commissioner's compensation.  It has been more or less permissive over the years for certain State officers and employees to use State automobiles without restrictions thereon, and Commissioner White's use of the State vehicle in that respect was no different from that of others.  The automobiles assigned to

Commissioners Marshall and McCarthy were used in the same manner.

The facts in the instant case fall squarely within those of Graham and other cases cited therein. Decision there is controlling here.

The award of the compensation commission is vacated. The question presented involves the use of State property, therefore no costs will be allowed.

Dethmers, C. J., and Adams, Butzel, Carr, Sharpe, Boyles, and Reid, JJ., concurred.