UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Causey and Bernhard

HERCULES REMODELING, LLC, ET AL.

MEMORANDUM OPINION*

v.        Record No. 1024-24-4                                      PER CURIAM
                                                                   JUNE 24, 2025

SIMON PORTILLO MONCHO

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Sarah M. Burton; Tarpine, Heller & Pendergrass, LLC, on brief), for appellants.

(Richard M. Reed; The Reed Law Firm, PLLC, on brief), for appellee.

Hercules Remodeling, LLC, appeals a Workers' Compensation Commission award of benefits to its employee, Simon Portillo Moncho (claimant),[1] for injuries sustained in an automobile accident while traveling to a work site.  Claimant was a passenger in a car owned and operated by a fellow employee, which was struck by another vehicle.  After examining the briefs and record, the panel unanimously holds that oral argument is unnecessary because "the dispositive issues have been authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified or reversed."  Code § 17.1-403(ii)(b); Rule 5A:27(b).  Because we agree with the Commission that claimant's injuries arose out of and in the course of his employment under an exception to the "going and coming" rule, we affirm.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Appellee's legal name is Simon Portillo Lopez.  He is also referred to as "Simon Portillo," "Simon Portillo Moncho," and "Moncho Portillo" in the record.

BACKGROUND[2]

In January 2022, claimant worked for Hercules Construction, a company owned and operated by brothers Alfredo and Nere Franco Hercules (collectively "Hercules"), which primarily performed demolition work, painting, and drywall as a subcontractor for Taft Construction, Inc.[3] Around 5:30 a.m. on January 27, Juvenil Chirino-Gutierrez ("Chirino"), another Hercules employee, picked up claimant for work. While driving from claimant's residence to get another employee, Chirino's vehicle was struck by a car driven by a drunk driver, flipping Chirino's vehicle over. Claimant was seriously injured in the accident. He required surgery to repair his arm using metal implants, as well as two skin grafts, and the accident left him in substantial pain. Even after treatment, claimant's range of motion of his arm and his ability to grip objects remains impaired. He is unable to fully close his hand into a fist and can only carry objects weighing a few pounds in his injured hand. He has been unable to work since the accident.

From the beginning of claimant's employment with Hercules, the company knew that he did not drive and would require transportation to the work site. Coworkers always drove him to and from the job site and transported him between sites when necessary. Alfredo Hercules testified that because claimant did not have his own transportation when Hercules hired him, if claimant "wanted to work, we had to figure out how he could get there." Hercules initially instructed claimant to ride to the job site with an employee named Rene, but Alfredo arranged

---

[2] Under familiar principles of appellate review, we state the facts "in the light most favorable to" claimant, "the prevailing party at trial," *Tel. Square v. 7205 Tel. Square LLC*, 77 Va. App. 375, 387 (2023) (en banc) (quoting *Norfolk S. Ry. Co. v. Sumner*, 297 Va. 35, 37 (2019)), whose "evidence is afforded all reasonable inferences fairly deducible therefrom," *Milam v. Milam*, 65 Va. App. 439, 447 (2015) (quoting *Bristol Dep't of Soc. Servs. v. Welch*, 64 Va. App. 34, 40 (2014)).

[3] Taft Construction, Inc., was originally named as a defendant, but was dismissed by a stipulated order on September 8, 2022.

for Chirino to drive claimant after Rene left the company. Alfredo testified that Hercules occasionally asked Chirino to transport other employees to the job site as well.

Chirino testified that when he began working for Hercules, Alfredo drove him to the work site in a company vehicle, but when he acquired his own truck, he began driving himself. Hercules employees were not paid for their time in transit to the job site, only for their time spent at the site. Nevertheless, Hercules began reimbursing Chirino for gasoline when he started driving his own vehicle to work.[4] Chirino was the only employee who received gas money. As a result of the accident, Chirino's car was a total loss; afterward, he drove a company vehicle to work.

The deputy commissioner found that although claimant was driven to work, this transportation did not provide sufficient benefit to the employer to invoke the "going and coming" exception. On review, the Commission reversed that decision, with one commissioner dissenting. The Commission ruled that Hercules' practice of providing claimant with transportation both to and from work "border[ed] on an implied contract," bringing it within the scope of an exception to the "coming and going" rule. The Commission remanded the case to the deputy commissioner for further proceedings, and the deputy commissioner entered an award in favor of claimant. Hercules requested another review, and the Commission affirmed the deputy commissioner's award, with one commissioner dissenting.

On appeal, Hercules argues that the "[C]ommission erred in determining [claimant] sustained a compensable injury arising out of and in the course and scope of his employment" and that the "Commission erred in finding that the coming and going rule did not bar the [claimant]'s

---

[4] Although Chirino received money for fuel from Hercules, he was not reimbursed for insurance or other expenses. Claimant offered to pay Chirino for gas, but Chirino refused because he was receiving gas money from Hercules.

claim for benefits and in finding that the transportation exception to the coming and going rule applied."

STANDARD OF REVIEW

"A finding by the commission that an injury arose out of, and in the course of employment, is a mixed question of law and fact, and is properly reviewable on appeal." *Franklin Mortg. Corp. v. Walker*, 6 Va. App. 108, 110 (1988) (citing *Dublin Garment Co. v. Jones*, 2 Va. App. 165, 167 (1986)). A reviewing court "must determine whether the Commission's findings from the facts presented are sufficient in law to justify the award of compensation on the ground that the accident not only happened during the course of employment but also arose out of it." *Baggett Transp. Co. v. Dillon*, 219 Va. 633, 637 (1978). Such "[f]indings of fact made by the [C]ommission will be upheld when supported by credible evidence." *Franklin Mortg. Corp.*, 6 Va. App. at 110 (quoting *Russell Loungewear v. Gray*, 2 Va. App. 90, 92 (1986)).

"The concepts 'arising out of' and 'in the course of' employment are not synonymous and both conditions must be proved before compensation will be awarded." *Marketing Profiles v. Hill*, 17 Va. App. 431, 433 (1993) (en banc) (quoting *Bradshaw v. Aronovitch*, 170 Va. 329, 335-36 (1938)). "The burden rests upon claimant 'to prove [both of] them by a preponderance of the evidence.'" *Id.* (quoting *Baggett Transp. Co.*, 219 Va. at 637).

ANALYSIS

Hercules does not contest that claimant sustained an "injury by accident"; "[t]he sole issue before us is whether [his] injury arose out of and in the course of his employment," *Bristow v. Cross*, 210 Va. 718, 719 (1970), or whether his claim is barred by the so-called "going and coming rule," *United Cont'l Holdings, Inc. v. Sullivan*, 79 Va. App. 540, 551 (2024).

- 4 -

"The general rule . . . is '[t]hat an employee going to or from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment,'" making any injury that occurred while in transit not compensable under the Workers' Compensation Act (the "Act"). *Bristow*, 210 Va. at 719 (quoting *Kent v. Va.-Carolina Chem. Co.*, 143 Va. 62, 66 (1925)). Virginia has long recognized three exceptions to this general rule: first, "[w]here in going to and from work the means of transportation is provided by the employer or the time consumed is paid for or included in the wages"; second, "[w]here the way used is the sole and exclusive way of ingress and egress with no other way, or where the way of ingress and egress is constructed by the employer"; and finally, "[w]here the employee on his way to or from work is still charged with some duty or task in connection with his employment." *Id.* (quoting *Kent*, 143 Va. at 66). *See also GATX Tank Erection Co. v. Gnewuch*, 221 Va. 600, 603-04 (1980) (same).

Claimant contends that the first exception to the "going and coming" rule applies; his injury was compensable because it was sustained while he was being transported to work by Hercules, his employer.

In a factually similar case, the Supreme Court addressed whether "the first exception applies, i.e. that [claimant] was being transported to work as an incident to his employment, and that his injury [therefore] arose out of and in the course of his employment." *Bristow*, 210 Va. at 719-20.[5]

---

[5] In *Bristow*, the employer argued that the exception applied, and the employee's injuries incurred en route to work fell within the ambit of the Act, thereby cutting off the employee's right to sue in tort and limiting his recovery to that available under the Act. *Bristow*, 210 Va. at 718. Here, Hercules argues that the exception does *not* apply, in an effort to defeat claimant's right to recover benefits under the Act. The different orientation of the parties in the two cases notwithstanding, the facts of each case lead to the same conclusion—that the first exception to the "going and coming rule" applies.

In *Bristow*, claimant Robert Bristow was told by his employer to report to the home of Bristow's supervisor, Barrett C. Cross, on his first day of work. *Id.* at 719. Cross would then drive Bristow and other employees in a company vehicle to the employer's office for transportation to the job site. *Id.* After leaving Cross's home, Bristow was injured when the company vehicle collided with another automobile. *Id.* at 718-19.

On appeal, the Supreme Court acknowledged that under "[t]he weight of authority . . . an employee making use of transportation customarily and gratuitously furnished by the employer . . . is not acting in the course of his employment unless a duty to transport can be implied from the attendant circumstances in the contract of hiring." *Id.* at 720 (quoting *Farm Bureau Mut. Auto. Ins. Co. v. Smoot*, 95 F. Supp. 600, 603 (S.D. W. Va. 1950)). Noting that although "there was no express agreement between Bristow and Cross that defendants were to provide such transportation," the Court has previously applied the exception when transportation is supplied as "the result of an express or implied agreement between the employer and his employee." *Id.*

> [A]n injury sustained by a workman who is provided with transportation when going to and from his work, is considered as arising out of his employment . . . where the transportation is furnished by custom to the extent that it is incidental to and part of the contract of employment; or where it is the result of a continued practice in the course of the employer's business which is beneficial to both the employer and the employee.

*Id.* at 720-21.

The Court observed that Bristow had previously worked for the same employer, and "knew about the arrangement for transportation of employees." *Id.* at 721. Although "there [wa]s nothing in the record to indicate that [Bristow] was required to accept company transportation," his "car was not running at the time, and he said he did not have any way to get to work." *Id.* Bristow "was offered no extra compensation if he drove to and from work in his own car. [And his] wages began from the time of his arrival at the company's office." *Id.*

The Court noted that the employer picked up its employees at various locations, transported them to the company's office, and then to the job site. *Id.* at 721-22. The arrangement was clearly "beneficial and profitable to both the employer and employee." *Id.* at 722. "The employer benefited in the manner suggested by [Bristow, because] by transporting its employees[,] their presence on the job was assured. [The arrangement] was beneficial to the employees in that they were saved the expense and trouble of providing their own transportation." *Id.* The Court concluded that "[t]he transportation was not a gratuitous gesture made by the employer at the request of Bristow or other employees." *Id.* Bristow's "riding in the vehicle was but another incident to his employment and was one of mutual benefit," and "the injury [Bristow] sustained which occurred during the course of travel arose out of and in the course of his employment," bringing "[t]he parties . . . under the canopy of the Work[er]'s Compensation Act." *Id.*

Here, the record shows that even before claimant joined Hercules, the company had a custom of providing at least some employees with transportation to the job site, with Alfredo driving them himself and later tasking an employee—Rene or Chirino—to do so. Although claimant was not paid for his time while in transit to work, he clearly benefitted from the arrangement, as neither owning a car nor being able to drive, the Hercules-provided transportation was his only means of working. Hercules benefitted by having the assurance of claimant's availability to work on site and on time.

The dissenting commissioner discounted the importance of the transportation arrangement, observing that "while having [claimant] at work [wa]s a benefit to [Hercules], that is true of every worker who needs to be at a job site," arguing by implication that the benefits exchanged were not sufficient to bring this case within an exception to the "going and coming" rule.

But granting this position, arguendo, would not change the outcome. Under *Bristow*, injuries sustained by a worker traveling to or from work via employer-provided transportation fall within the scope of the Act when such transportation is provided per "an express or implied agreement between the employer" and the worker; "*or* where the transportation is furnished by custom to the extent that it is incidental to and part of the contract of employment; *or* when it is the result of a continued practice in the course of the employer's business which" benefits "both the employer and the employee." *Bristow*, 210 Va. at 720-21 (emphasis added). *Bristow* presents these exceptions with the disjunctive "*or*." "The conjunctions *and* and *or* are two of the elemental words in the English language. Under the conjunctive/disjunctive canon, *and* combines and *or* creates alternatives." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Text* 116 (2012). Therefore, claimant need establish only one of these prongs to prevail.

"The purpose of the Act is to protect employees." *Nationwide Mut. Ins. Co. v. Estate of Harrison*, 64 Va. App. 110, 118 (2014) (quoting *Turf Care, Inc. v. Henson*, 51 Va. App. 318, 336 (2008)). "Thus, it is to be 'construed liberally and favorably as to' employees." *Id.* (quoting *Turf Care*, 51 Va. App. at 336). "[I]t is a universal rule that statutes . . . which are remedial in nature, are to be construed liberally, so as to suppress the mischief and advance the remedy, as the legislature intended." *Id.* at 118-19 (second alteration in original) (quoting *7-Eleven, Inc. v. Dep't of Envtl. Quality*, 42 Va. App. 65, 75 (2003) (en banc)). The evidence shows that claimant's transportation was "furnished by custom to the extent that it is incidental to and part of the contract of employment." *Bristow*, 210 Va. at 720-21. Thus, the injuries he sustained in transit occurred in the course of and arose out of his employment and are compensable under the Act.

## CONCLUSION

For the foregoing reasons, the Commission's award is affirmed.

*Affirmed.*